STATE OF MINNESOTA *ex rel.* Samuel C. Gale and others *vs.* ANDREW UELAND.

November 24, 1882.

**Constitution—Certain Duties of Judges of Probate relating to Cities held not Judicial.**—The duty and power imposed and conferred on judges of probate by Gen. St. 1878, *c.* 10, § 124, in respect to the incorporation of cities, are not judicial, and the statute is not unconstitutional as conferring on probate courts, or the judges thereof, judicial power beyond that authorized by the constitution.

Writ of prohibition directed to respondent as judge of the probate court of Hennepin county.

*Babcock & Davis*, for relators.

*Rea, Woolley & Kitchel*, for respondent.

GILFILLAN, C. J.    This is an application for an absolute writ of prohibition to restrain the respondent, the judge of probate of Hennepin county, from making an order under Gen. St. 1878, *c.* 10, § 124, declaring certain territory in the town of, and adjoining the city of, Minneapolis to be duly incorporated as a city by the name of Minnehaha.    The part of section 124 conferring authority on judges of probate to make such orders reads thus: "Whenever two-thirds of the legal voters residing within the limits of a territory comprising not less than 2,000 inhabitants, and not more than 15,000, and which territory they desire to have incorporated as a city, shall sign and have presented to the judge of probate of the county in which such territory is situated, a petition setting forth the metes and bounds of said city, and of the several wards thereof, and praying that said city may be incorporated under such name as may therein be designated, the judge of probate shall issue an order declaring such territory duly incorporated as a city," etc.    The petition for the writ alleges the proper number of inhabitants in the territory, the preparation and signing, by two-thirds of the legal voters, of a proper petition, that it is about to be presented to the judge of probate, and that he is about to act on it and make the order.    On this petition and a return to it, which, it is assumed, admits the material facts stated, the relators move for the writ absolute, and the respondent moves for judgment denying the writ.

We will pass over the objection made by respondent that the application is premature because no proceeding is yet pending before him, and come to the important question in the case.    That is raised by the proposition of the relators, that the statute attempts to confer on probate courts or judges thereof judicial power beyond that authorized by the constitution, and is therefore void.

The question then arises, is the power thus attempted to be conferred judicial?    The presenting of the petition to the judge and his action thereon has no semblance to a judicial proceeding other than that it is before a judicial officer.    No one is summoned before him; no notice of it is given; there are no parties; there is no trial; he

decides no controversy, determines no rights; his order, when properly called in question, as by *quo warranto*, would not have the conclusive effect of a judicial decision. It is true, he ought, before issuing the order, to ascertain certain facts, as the number of inhabitants within the designated territory, and the relative number of voters signing the petition; but no mode of ascertaining those facts by the testimony of witnesses, or otherwise, is prescribed. There appears no reason why he should not act on his personal knowledge. That a duty cast on an officer, judicial or ministerial, involves the ascertaining of facts, does not of itself make the duty a judicial one. *Home Ins. Co.* v. *Flint*, 13 Minn. 228, (244.) In a great variety of instances the statute imposes sometimes on judicial, sometimes on ministerial officers, duties involving the determination of facts and the exercise of discretion, but which no one would claim required the exercise of judicial power. This is the character of the duty and power imposed and conferred on judges of probate by the act in question. It is not obnoxious to the objection made to it.

Writ denied.