STATE OF MINNESOTA *ex rel.* L. H. McKusick *vs.* ARCHIBALD PEERS and another.

January 6, 1885.

**Constitutional Law—Legislature—Election—Contest—Testimony before Justices of the Peace.**—The judiciary has no control or supervision over the action of the two justices named to take testimony in case of a contest as to an election to either house of the legislature, under Gen. St. 1878, *c.* 1, §§ 49, 50, 51, and the writ of prohibition will not issue to restrain them from taking the testimony.

**Same—Production of Public Records.**—They cannot require public officers to produce before them public records in their custody.

A temporary writ of prohibition and order to show cause was issued out of this court upon an affidavit by the relator alleging that upon November 4, 1884, he was elected a member of the house of representatives of this state from the 38th district, composed of Chisago, Pine and Kanabec counties; that since the election one W. H. Wynkoop, who was a candidate against the relator, has served the notice of contest required by statute, and in his notice designated the respondents, who are justices of the peace for Chisago county, as the justices before whom he would take the necessary depositions and evidence to sustain and prove the points specified in his notice of contest; that the respondent Peers is a brother-in-law of Wynkoop, and both the respondents have contributed to a subscription fund to aid

v.33M—6

Wynkoop in his contest; that upon the first session of the respondents for the purpose of taking evidence, the relator appeared, and, upon the proper affidavit, alleging the partiality and prejudice of the respondents, moved for a change of venue; that the respondents denied the motion, upon the ground that they had no power to grant a change of venue; that the respondents have taken some testimony, and are about to examine a large number of witnesses and take a large amount of documentary evidence, and that they have issued subpœnas directed to persons outside of their county, including the officers of Kanabec county, requiring and causing them to appear and produce a large part of the records of Kanabec county and other places outside of Chisago county. The respondents made return to the writ, and move to dismiss the proceeding.

*Fayette Marsh*, for relator.

*H. N. Setzer*, for respondents.

GILFILLAN, C. J.    The constitution (section 3, article 4) makes each house judge "of the election, returns and eligibility of its own members." Under this, not only must each house determine, in case of a contest, who is elected to be a member, but must determine upon what evidence it will decide the question, and how it will procure such evidence. Over the proceedings the judiciary has no control, and could not have without trenching on the independence of the house. When testimony in case of a contest is taken, as provided by Gen. St. 1878, *c.* 1, §§ 49, 50, 51, it is for the house to which it is sent, and not for the courts, to decide whether it is properly taken. The powers vested in the two justices of the peace by those sections are not judicial, but rather such as might be vested in commissioners, or in a committee of one of the houses. They decide nothing. If they take improper testimony, the house may reject it; if they refuse to take proper testimony offered, the house may remand the matter to them, with directions to take and return the testimony offered. Over their actions the courts have no supervision any more than over the action of a committee of one of the houses. For this reason, the writ of prohibition will not issue to restrain them, unless they assume functions beyond those with which they are clothed by those sections, and judicial in their character.

As to the charge that the two justices, respondents, have issued subpœnas requiring public officers to produce before them public records in their custody, we will say that we do not think the section referred to gives the justices authority to require such records to be brought before them. There is no necessity for it. If certified copies would not suffice, if inspection of the originals should be necessary, the house has power to compel their production before it, or before a committee appointed by it. Nothing can be accomplished by giving the justices, who decide nothing, an inspection. But, though the officers would not be bound to produce the original records before the justices, it is a matter with which the relator has nothing to do. The writ, however, will not lie.

Writ dismissed.