STATE OF MINNESOTA, *ex rel.* Neil Currie, *vs.* P. N. OSTROM and others, Commissioners of Murray county.

August 28, 1886.

Prohibition.—*State* v. *Ueland*, 30 Minn. 29, (14 N. W. Rep. 58,) followed.

*John Lind*, for relator.

*Warner, Stevens & Lawrence*, and *Daniel Rohrer*, for respondents.

*By the Court.*[1] A petition for the removal of the county seat of Murray county having been presented to the board of county com-

---

[1] STATE of MINNESOTA, *ex rel.* John K. Miller, *vs.* A. R. WISWELL and others, Commissioners of Wadena county.

*By the Court.* This is an application of the same nature as that in *State* v. *Ostrom, supra.* The decision of that case controls this.

Writ denied, and the preliminary writ heretofore issued is discharged.

*Clapp, Woodard & Cowie*, for relator.

*Hartshorn & Coppernoll* and *Law & Bullard*, for respondents.

missioners pursuant to the provisions of chapter 272 of the General Laws of 1885, this relator invokes a writ of prohibition restraining the county commissioners from performing the acts prescribed by that law for the purpose of submitting the question of the proposed change of location to a vote of the people. The application is based upon the ground that the law is unconstitutional. As respects the character of the acts to be performed by the county commissioners, and the propriety of the remedy sought, this case is not distinguishable from *State* v. *Ueland,* 30 Minn. 29, (14 N. W. Rep. 58.) Following that decision, we deny this application. We so determine with less hesitancy than we otherwise might, for the reason that, as we think, the validity and effect of the proposed election may be brought in question and determined in a contest instituted pursuant to the statute, (Gen. St. 1878, *c.* 1, § 55,) which we think was not repealed by the act of 1885.

It being determined that the relator is not entitled to this writ, and it having been impossible at this time for all of the members of this court to convene for the hearing of this case, we think that we ought not to pass upon the more important question argued,—the constitutionality of the law of 1885.

Writ denied, and the preliminary writ heretofore issued is discharged.