## No. 10,182.

### STATE EX REL. W. I. O'DONNELL VS. HON. A. L. TISSOT AND W. T. HOUSTON, JUDGES CIVIL DISTRICT COURT.

The Constitution of the State makes each house of the General Assembly the sole judge of the qualifications, election and return of its members. Consequently, the district courts are without jurisdiction to determine contested elections touching the right to seats or membership in the Legislature.

Nor have they the power to take the depositions of witnesses relating to such contest, nor the authority to cause the ballot-boxes to be produced in court and the seals placed thereon by the commissioners of election, to remove the boxes and have the ballots recounted.

Judges can exercise other than s rictly judicial powers. They cannot combine with such powers those that properly pertain only to the duties of a commissioner to examine witnesses and take in writing their depositions for the purpose of forwarding them to another tribunal.

A PPLICATION for Certiorari and Prohibition.

*Aug. Bernan* for Relator :

Cited the following authorities. Art. 23 Const. 1879 ; 31 Ann. 122, Redon vs. Spearing ; Barbin vs. Secretary of State, 32 Ann. 579 ; Art. 92 Const. 1879 ; Elliott vs. Peersol, 1 Peters, 341 ; United States vs. Terrena, 13 Howard, 40 ; McCrary on Elections, 257, 382, 383.

*A. Goldthwaite* for Respondents :

Cited the following authorities : R. S. Secs. 1386, 1431, 1432, 1433 and 1434 ; State ex rel. Ford vs, Miltenberger, 33 Ann. 266 ; Act 57 of 1877, and Art. 440, C. P.

The opinion of the Court was delivered by

Todd, J. This is an application for writs of certiorari and prohibition.

The relator represents, substantially :

That he was a candidate at the recent election for the Legislature (House of Representatives) from the Third Ward of the city of New Orleans, on the regular Democratic ticket, and was elected over his opponents, Otto Helman, William Mehle and Charles B. Wilson, the two first-named the candidates of the " Young Men's Democratic Association," and the latter on the Republican ticket.

That he was declared elected by the commissioners of election and returns to the election promulgated by the returning officer showed his election.

That the said defeated candidates have filed petitions in the Civil District Court contesting relator's election. That the suits of Mehle and Wilson were allotted to Division B of said court and of Helman to Division A.

That the said contestants admit the election of relator in the face of the returns, but insist that a recount of the votes would show a different result ; that they have cited relator into said court and have asked that the returns, showing relator's election, be revoked, and that they (contestants) be declared elected.

The relator further avers that he filed a plea to the jurisdiction of the court or its power to entertain said suits, but the respondent judges overruled the plea, have taken jurisdiction, have appointed a day for taking testimony in the suits, have issued subpœnas *duces tecum.*, commanding the clerk of the Criminal District Court, the custodian of the ballot-boxes, to produce the boxes, returns, tally-sheets, etc., in open court, and that it is the intention to break the seals placed on said ballot-boxes by the commissioners of election, to have the ballots

again counted by those not authorized to do so. It was charged that such action on the part of the judges was arbitrary, and involved usurpation of authority, and was in contravention of the Constitution and laws of the State.

The respondent judges, in their answer, whilst admitting that the exclusive power is vested in the General Assembly to judge of the qualifications, election and returns of its members, allege that these proceedings before them do not infringe upon this legislative prerogative, that it is a proceeding such as is known as a proceeding to perpetuate testimony and to assist the Legislature to dispose of these election contests more speedily, and that it is not their purpose to interfere with the custody of the ballot-boxes.

Article 23 of the present State Constitution provides that "each House shall judge of the qualifications, election and return of its own members."

In the face of this provision it requires no argument to show that the courts have no power to judge or determine with regard to these essentials.

That is, that it is manifest that in so far as the judges have been asked by these contestants to determine the contests and annul the returns already made in favor of relator, and declare the contestants duly and legally elected, they have not the shadow of authority to do so.

Therefore, that part of the petition of these contestants that invokes the exercise of judicial authority in these respects must be eliminated from the controversy. The respondents do not, in fact, claim such power; but, as intimated before, they seem to limit their authority to the production of the ballot-boxes, the removal of the seals therefrom, the recounting of the ballots, and the examination of witnesses for the purpose of assisting the Legislature in the final determination of these contests; and we do not understand the counsel of the contestants, in their oral and written arguments before this Court, to claim more than this.

But have these judges authority to go even this far? In these contested election suits instituted and pending before them, does their power and jurisdiction extend over any matter pertaining to such suits, such, for instance, as is claimed, of compelling the custodian of the ballot-boxes to bring the boxes into court; to have seals, placed thereon by prescribed authority, removed, the boxes opened, and the ballots manipulated and counted by persons other than the law has designated and depositions taken with respect to these matters? That is the question we have to determine.

The provision, quoted from the present Constitution, "that each House shall judge of the qualifications, election and returns of its members," appears in every State Constitution that precedes the present one. But in these preceding Constitutions this provision is followed by the words (quoting) : "but a contested election shall be determined in such manner as shall be described by law."

The suppression of these words in the present Constitution is not without meaning and significance. What is the inference to be drawn from it?

Evidently, it was to give emphasis to the declaration that each House was to judge of the qualifications, election and returns of its members by stripping it of any restriction or condition that could limit its scope or impair its full force, and to make each House, in truth and in fact, in all cases and under all circumstances, the judge and the sole judge of all matters pertaining to the election of its members.

Those qualifying words found in the previous Constitutions were the sole warrants for contests before the courts relating to elections for members of the General Assembly.

In 1814 an act was passed, the provisions of which are embodied in Sections 1431, 1432 and 1433 of the Revised Statutes, which authorized pleadings before the courts, inaugurating, as it were, contests to be subsequently conducted and determined by the Legislature, and providing for the taking of depositions of witnesses, to be used in such contests, etc. It is under these provisions, and also under a proviso in Sec. 1386, it is to be presumed, that this proceeding before us for review was instituted. It was legislation that could not be deemed objectionable under the former Constitutions, but, on the contrary, might be construed as necessary to a strict conformity with the provision referred to, looking to contested elections relating to membership in the General Assembly.

But these provisions, and none others that we can find, confer power or authority on the judges to determine the contests and adjudge and declare the result of the elections contested. Nor is such power claimed by the judges in the instant case, as we have seen from their answers, although formally invoked by the contestants. The only law cited by counsel for contestants that would seemingly authorize such contests before the courts and give power to the judges to determine them, is the proviso in Sec. 1386, R. S., quoted by the counsel in his brief, and which, in our opinion, has no reference to

contests for the Legislature, but exclusively relates to contested elections for other State offices.

If, then, as it seems plain and even conceded by all parties, there is no power or jurisdiction in the courts to judge and decide these contests, but the duties of the judges in such cases as the one before us is to be directed and confined to the taking of depositions, or, as the judges themselves term it, a proceeding simply looking to the perpetuation of evidence, what will be the character of the functions they are to exercise in this instance? Evidently, *not* judicial. This has been expressly decided. Redon vs. Spearing, 31 Ann. 122; United States vs. Ferreira, 13 Howard, 40; Elliott vs. Piersal, 1st Peters, 341.

If the services or acts in question are not judicial, such as do not strictly belong to their office or duties as judges, then, in rendering the service required, they could be viewed in no other light than simply as commissioners. See same authorities. But under Act 92 of the present Constitution, judges are forbidden from exercising any functions but such as are strictly judicial.

In the face of this prohibition, their contemplated acts, even in the respected sense in which they are viewed by themselves, are in contravention of the Constitution, and are, therefore, void.

We hold, also, that the law invoked as justifying this proceeding is absolute, in view of the Constitution, as it now stands unfettered by any restrictive condition touching the power expressly conferred on the Legislature to judge of the election of its members.

Entertaining these views, we conclude that the acts and proceedings of the respondent judges complained of by the relator are unwarranted and illegal, and that the same should be annulled and set aside, and the prohibition be made peremptory.