JOSEPH HEININGER *vs.* GREAT NORTHERN RAILWAY CO.

Argued Dec. 6, 1894.   Reversed Dec. 21, 1894.

No. 9010.

**Facts stated showing no negligence of defendant but showing negligence of plaintiff.**

The plaintiff, on horseback, approached within forty paces of a grade crossing (not within a city) of a highway and defendant's railroad, when his horse was frightened by the sounding of the whistle of an approaching engine, then very near the crossing. There was no evidence that the engineer saw the plaintiff before he sounded the whistle, or that he sounded it in any unusual or extraordinary manner; nor was there any evidence that he had not sounded it eighty rods from the crossing and at intervals thereafter, as required by statute. Had plaintiff looked, there was nothing, after he got within 1,000 feet of the crossing, to prevent his seeing an approaching train at any point on the railway within eighty rods of the crossing. He was familiar with the crossing, and knew that the train was about due. He was unacquainted with the habits or disposition of his horse. *Held,* that plaintiff could not recover—First, because it did not appear that defendant was guilty of negligence; and, second, because he himself was guilty of negligence in not looking for an approaching train in time to stop, if necessary, at a sufficient distance from the crossing to avoid the danger of his horse becoming frightened.

Appeal by defendant, the Great Northern Railway Company, from a judgment of the District Court of Stearns County, *D. B. Searle,* J., entered May 12, 1894, against it for $744.55.

On April 27, 1893, the plaintiff, Joseph Heininger living in St. Cloud, was hired by a merchant to go six miles south to a farm house and bring in a horse. He went, got the horse, and was riding him along the highway toward town about eleven o'clock in the forenoon when he approached a grade crossing over defendant's railroad track. Just then, a passenger train going north on schedule time and usual speed, blew the engine whistle, and the horse taking fright ran ahead against the train and threw plaintiff off. He was seriously injured and brings this action to recover damages. He had a verdict for $700. Judgment was entered thereon and defendant appeals.

*M. D. Grover,* and *Geo. H. Reynolds,* for appellant.

A point where a highway crosses a railway track is a place of danger. A traveler upon a highway, before placing himself in a dangerous position with reference to a railway track, is bound to look and listen, and unless he does or shows that his vision is obstructed and that looking would have availed nothing, he is guilty of contributory negligence. *Weyl* v. *Chicago, M. & St. P. Ry. Co.,* 40 Minn. 350; *Clark* v. *Northern Pac. R. Co.,* 47 Minn. 380; *Magner* v. *Truesdale,* 53 Minn. 436; *Abbett* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 482; *Carney* v. *Chicago, St. Paul, M. & O. Ry. Co.,* 46 Minn. 220.

If there is no obstruction to a traveler's vision from the whistling post to the crossing, no matter where he may be upon the highway, it is his duty to observe the train and stop at a safe distance from the crossing. *Brown* v. *Milwaukee & St. P. Ry. Co.,* 22 Minn. 165; *Seefield* v. *Chicago, M. & St. P. Ry. Co.,* 70 Wis. 216; *Hansen* v. *Chicago, M. & St. P. Ry. Co.,* 83 Wis. 631; *Haetsch* v. *Chicago & N. W. Ry. Co.,* 87 Wis. 304; *Schmolze* v. *Chicago, M. & St. P. Ry. Co.,* 83 Wis. 659.

On the trial plaintiff claimed and the court assumed that *Dugan* v. *St. Paul & D. R. Co.,* 43 Minn. 414, governed this case, that the facts in this case brought it within the rule laid down in that case. On comparison, however, the difference is obvious. This accident occurred at a country road crossing where the Penal Code, § 343, applies. *Cahoon* v. *Chicago & N. W. Ry. Co.,* 85 Wis. 570.

*Bruckart & Brower,* for respondent.

Plaintiff looked and listened. He neither saw nor heard the approaching train. Defendant showed by a number of witnesses that he could have seen the train if he had looked. Suppose he could, the evidence shows that the horse was not frightened at the sight of the train.

It was not owing to the fact that he did not see the train that he was hurt; he was not required to change his location. It was the sound of the whistle that was the proximate cause of the injury. No doubt, under Penal Code, § 343, it was the duty of the engineer to sound the whistle at the whistling post and to con-

tinue sounding it at intervals until he crossed the highway. This was not done. Had the whistle been sounded at the whistling post or at intervals from there until the train passed the crossing, the accident would not have happened, neither would the accident have happened had there been no sounding of the whistle anywhere.

The sounding of the whistle in the manner shown by the evidence and under the circumstances of the case, was negligence. Plaintiff did nothing and neglected nothing that would make him guilty of contributory negligence. Both questions were submitted to the jury. The charge given by the court was in accordance with *Dugan v. St. Paul & D. R. Co.*, 43 Minn. 414.

MITCHELL, J. The negligence charged against the defendant is that the engineer of one of its trains negligently and wantonly caused the whistle to be sounded violently and with great noise, near a highway crossing, with full knowledge that the plaintiff was in the vicinity, on the highway, on horseback, whereby the horse became frightened and unmanageable, and ran away and injured the plaintiff. The crossing referred to is in the country, a few miles from the city of St. Cloud. The railroad crosses the highway on the same level, at an acute angle, the highway running north and south and the railroad northwesterly and southeasterly. The plaintiff and the train were going in the same direction; that is, the plaintiff north and the train northwesterly. The plaintiff testifies that he rode along without stopping until he was within thirty or forty steps of the crossing, when he for the first time discovered the approaching train, which was then within about forty steps of the crossing; that he then stopped his horse, which did not seem to frighten at the sight of the train; but almost immediately, and when the engine was within a short distance of the crossing, the engineer blew the whistle, and that this frightened his horse.

The evidence conclusively establishes the following facts: First, that plaintiff was perfectly familiar with the railway and the highway crossing, and with the time when the train in question passed, and knew that it was then about due. Second, that, if he had looked for the train, there was nothing to obstruct his vision for 1,000 feet south of the crossing, except a house which stood about 700 feet from it;

hence, although he testifies that he did look, and did not see it, it is demonstrated to a mathematical certainty that if he had looked he could not have helped seeing the train at any time after it reached the whistling post, 80 rods from the crossing. The wood piles spoken of were not so high as to obstruct the vision of a man on horseback.

There is neither allegation nor proof that the whistle was not sounded at the whistling post, and did not continue to be sounded at intervals, as required by law, until the train crossed the highway. Neither is there any evidence that the engineer, or person acting as such, saw the plaintiff, or knew of his proximity, before sounding the whistle. The only scintilla of evidence on that point is the testimony of plaintiff, in which he says: "I saw somebody in the cab. He looked up this way when I was coming." But this does not prove that the person in the cab saw him. Moreover, he does not state whether this was before or after the whistle sounded. Nor is there any evidence that the whistle was sounded in any unusual manner, or with any unusual or extraordinary noise.

On this state of facts, the plaintiff cannot recover, for two reasons:

*First.* He himself was guilty of negligence in not looking for the train before he got in such close proximity to the crossing. As it is the duty of persons to look and listen before going upon a railway crossing, in order to avoid collisions with the train, so, as it seems to us, it is equally the duty of those who are driving or riding animals which are liable to be frightened by the noises of railroad trains to look and listen, so that, if a train is discovered, they may stop at a safe distance and thus avoid that risk. This was particularly incumbent on plaintiff, for it appears that he knew that the train was about due, and that he was entirely unacquainted with the habits or disposition of the horse which he was riding.

*Second.* But if there is any doubt as to this proposition, there is another reason why plaintiff cannot recover, viz. that it does not appear the defendant was guilty of any negligence. So far as appears, the engineer did nothing but what the law required him to do. Pen. Code, § 343.

From giving statutory signals at the place where the law requires them to be given no liability arises. If it had appeared that

the signals were not given back at the whistling post, and from there on at intervals, and thereby the plaintiff, without negligence on his own part, had been lured into dangerous proximity to the crossing, and then a whistle had been sounded for the first time, the defendant might well have been held liable, not for sounding the whistle near the crossing, but for not sounding it back at the post. That would have been a case where the half performance of a duty might be worse than to omit it entirely. One of the objects of the law requiring signals to be given at such a distance from the crossing is to enable persons driving animals liable to be frightened by trains to stop at a safe distance to avoid the danger.

Or, again, defendant might have been liable (if plaintiff was free from negligence) had it appeared that the whistle, although sounded at a lawful time and place, was unnecessarily sounded in some unusual manner peculiarly calculated to frighten animals.

And, again, defendant might have been liable, notwithstanding negligence on part of plaintiff, had the engineer sounded the whistle at the time he did, after discovering the plaintiff in a place of danger; for such an act might well be deemed willful and wanton.

But the present case lacks some of the essential elements of every one of these supposed. *Dugan v. St. Paul & Duluth R. Co.,* 43 Minn. 414, (45 N. W. 851,) so much relied on by defendant, was the case of an unnecessary sounding of a whistle (not required by statute) in the streets of a city, in close proximity to teams which were liable to be frightened by the noise. It is therefore not at all in point. Judgment reversed.

(Opinion published 61 N. W. 558.)