## Hugh Grogan v. Big Muddy Coal & Coke Company.

1. NEGLIGENCE—*Ordinary Care.*—The plaintiff was loading coal at a mine. His team was not tied nor unhitched from the wagon. The whistle on the engine sounded as a usual and customary signal to the engineer. The team became frightened and tried to run away. In trying to stop them he was thrown down and injured. He was defeated in an action to recover damages, there being no proof that the alleged negligence in sounding the whistle was a willful or wanton act.

2. SAME—*A Relative Term.*—Negligence is a relative term. What is negligence under certain circumstances may not be under different circumstances.

3. SAME—*Rule as to Comparative.*—The rule of comparative negligence only applies when the person alleging negligence is himself using due care at the time.

4. SAME—*Slight, and Due Care.*—Slight negligence is not incompatible with the exercise of due care; the comparison can only be submitted as between the parties, coupled with the condition that the plaintiff is in the exercise of due care on his part.

**Trespass on the Case,** for personal injuries. In the Circuit Court of Jackson County; the Hon. ALONZO K. VICKERS, Judge, presiding. Declaration in case; plea of not guilty; trial by jury; verdict and judgment

for defendant; error by plaintiff. Heard in this court at the August term, 1894, and affirmed. Opinion filed March 23, 1895.

W. A. SCHWARTZ, attorney for plaintiff in error.

GEO. W. HILL and JAS. H. MARTIN, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee operated a coal mine at the time of the accident hereafter described. It shipped coal by the car load and sold to others in the vicinity, who took the same away in wagons. The coal was stored near the engine, about fifty feet distant. The appellant, by direction of his employer, was hauling coal in the forenoon, while the machinery was in operation. The team apparently was indifferent to the noise made. In the afternoon, coal was not being hoisted, but steam was kept up for pumping and to hoist men out of the shaft. The appellant drove his team up to the coal shute or bin in the afternoon and loaded his wagon, as he had done before. There was a signal from some men at the bottom of the shaft to be hoisted. The engineer was not at his post. The fireman observed the signal and waited for the second one before going to the engine to sound the call, or whistle, for the engineer. When he sounded the whistle, the horses became frightened and started off. The appellant attempted to stop them, got between the wheels, was knocked down and so injured in one of his legs that it had to be amputated. The fireman who sounded the whistle knew appellant's team was at the shute, and that he was loading the wagon with coal. It appears the appellant did not fasten the team, unhitch them, or drop any of the tugs. The team were reasonably gentle, though there is some evidence one of them was a little skittish.

The jury found for the appellee, which was sustained by the court. The errors discussed relate to the evidence and the instructions. The court submitted the question to the jury as to whether the act of the fireman was, in view of the conditions, negligent. On this question, the evidence

sustains the finding. There is no claim the act of alleged negligence was a willful or wanton act. It was the customary and usual signal to call the engineer when absent. There can be no pretense, therefore, the act itself was negligent or was done in an unlawful manner. The only claim that can be made is that the whistle should not have been sounded at all while appellant's team was properly on the premises. This view can not be sustained.

The appellee had a right to use its machinery in the usual and customary way. It was so used in this case. It is true negligence is a relative term. What might not be negligence under certain circumstances, might be under different circumstances. Had the fireman known the team was easily frightened, or was restless at the time, and that they were not fastened, then it might be, without the duty was very urgent to sound the whistle, that he should have forborne for the time, or have notified appellant to be on his guard. There is nothing, however, in the facts of this case that would indicate the team were easily frightened. They had been there in the forenoon when all the machinery was in operation, and gave no indication of being frightened. It is evident the appellant thought they were trustworthy, for he did not take any precautions to secure himself against such a contingency. If he, knowing the team, trusted them, why should not the fireman? He certainly knew the whistle was liable to be sounded. The steam was up and he could have seen it had he looked. It is evident he had no fear of any difficulty from the sounding of the whistle until it occurred.

The criticism on appellee's third instruction, it is thought, is hypercritical. It does not state that the jury should find for the defendant unless the fireman sounded the whistle for the purpose of frightening the horses.

The context, considered in connection with all of the instructions, shows the question of negligence was submitted fairly to the jury. The words, "so as to frighten the horses," mean, in their connection, the same as "and thereby frightened the horses." The sixth instruction is subject to

criticism, especially in the first clause. That was evidently intended to state a legal proposition, viz., that the rule of comparative negligence only applies where the person alleging negligence is himself at the time in the exercise of due care. Considered in connection with the preceding instruction, of which it properly formed a part, it would not mislead the jury. The instruction of appellant in regard to comparative negligence was properly refused because it did not contain the element just referred to, of due care on the part of the plaintiff. It has been repeatedly held that slight negligence is not incompatible with the exercise of due care. The comparison can only be submitted as between the parties, coupled with the condition that the plaintiff is in the exercise of due care on his part.

There being no substantial error in the record, the judgment is affirmed.