EDMOND GENDREAU v. MINNEAPOLIS, ST. PAUL & SAULT STE.
MARIE RAILWAY COMPANY.[1]

July 20, 1906.

Nos. 14,832—(189).

**Negligence—Proximate Cause.**

On the night of the accident complained of in this action two fires were discovered in lumber piles near defendant's railroad track in the vicinity of Thirty-Second avenue in the city of Minneapolis, and certain fire engines were sent to the place to extinguish them. A fire hose attached to one of the engines was stretched across the railroad track at the above street. Some time after the fires had been brought under control and practically put out, one of defendant's freight trains approached the scene proceeding westward. As it neared Thirty-Second avenue, the engineer sounded the whistle of his engine as a warning of its approach to people observed by him near the track, and at about the same time the engine ran over the fire hose, cutting it in two, the result of which was a sharp report resembling the firing of a gun. At about this time, and either because of the engine's whistle or the report from the hose, the horses belonging to the chemical engine became frightened and ran away, injuring plaintiff, an employee of the lumber company. It is *held* that the evidence is insufficient to sustain a finding of negligence on the part of the engineer in sounding the whistle of his engine, or in running over and cutting the hose, which was the proximate cause of plaintiff's injuries.

**Blowing Whistle within City Limits.**

The ordinances of the city of Minneapolis prohibit the blowing of whistles within the city limits, except in cases of peril and danger, and it is *held* that the facts disclosed in this case bring it within the exception.

Action in the district court for Hennepin county to recover $5,000 for personal injuries. The case was tried before Simpson, J., and a jury, which rendered a verdict in favor of plaintiff for $2,200. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed and new trial granted.

*Alfred H. Bright,* for appellant.
*F. D. Larrabee,* for respondent.

[1] Reported in 108 N. W. 814.

BROWN, J.

Action to recover damages for personal injuries alleged to have been caused by the negligence of defendant, in which plaintiff had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The facts are as follows: At the time of the injury complained of defendant was temporarily using a track of the Northern Pacific Railway Company in the city of Minneapolis extending along First avenue north and across Thirty-First and Thirty-Second avenues. That part of the city in the vicinity of the tracks was used principally for the storing of lumber and wood, and the track passed between certain lumber or wood piles adjacent to the right of way. Some time before midnight on the day in question, a fire broke out in a large pile of edgings situated near the track and near Thirty-Second avenue. The city fire department despatched a chemical fire extinguisher to the locality, and the fire was soon brought under control, when another fire broke out on the other side of the right of way in a lumber pile some distance from the track, and two other fire engines were sent to the scene. One engine was placed at Thirty-First avenue near the crossing of the railroad, and the other, with the chemical extinguisher, at Thirty-Second avenue, not far from the railroad track, but not upon the right of way. The fire hose were carried across the railroad track both at Thirty-First and Thirty-Second avenues. Some time after midnight, and after the fires had been brought under control, one of defendant's freight trains approached the locality going west, and as it neared Thirty-Second avenue, the engineer sounded the whistle of his engine as a warning to people in the vicinity of its approach, and ran over the hose attached to the chemical engine, cutting it in two. About the time the engineer blew the whistle of the engine, or immediately at the time the fire hose was cut, which it is claimed made a loud noise like the firing of a gun, the horses attached to one of the engines became frightened, and ran away, running in their flight over plaintiff, an employee of the lumber company, seriously injuring his person. It is claimed as the basis of plaintiff's cause of action, that defendant was negligent in two respects: (1) In sounding the whistle of the engine at the time and under the circumstances disclosed, and, (2) in running over and cutting the fire hose at Thirty-First avenue,

and that these acts of negligence were the proximate cause of his injury.

We are unable to agree to the proposition that the negligence of defendant's engineer was the proximate cause of plaintiff's injuries, or that the evidence is sufficient to justify the conclusion that he was in fact negligent in the operation of his train on the occasion in question.

The company had the right, in the absence of some evidence to its servants of danger of accidents of some kind, to pass the vicinity of the fire without stopping its train. To render the act of the engineer in sounding the whistle of his engine or in failing to stop his train before crossing Thirty-First avenue an act of negligence, it should appear that he had reason from the attendant circumstances of time and place to apprehend that a fire was in progress at the place; that horses were in close proximity to the track; also that fire extinguishers were thereabouts with hose stretched across the track which would, if run over and cut in two, cause a sharp report which would be likely to frighten horses and cause them to run away. But the evidence wholly fails to bring home to the engineer any such knowledge, nor are the circumstances such as to charge him with notice of the existing conditions. It appears from the record that a number of persons had congregated at the place of the fire and that some of them made efforts to attract the attention of the engineer to the situation for the purpose of causing him to stop his train, but all such efforts were ineffectual until the train reached Thirty-Second avenue and had cut the fire hose. The engineer must have observed the people about the track, but the evidence does not show that he understood the meaning of their efforts. As soon as he observed them, and comprehended their meaning, he immediately stopped his train. The fire had practically been extinguished at the time, and he did not know that one had been in progress, or that fire engines with horses attached were in the vicinity.

Under the circumstances, he was clearly not required to anticipate, merely from the fact that a number of people were in the vicinity, that probable injury would result to some one in some way if he proceeded with his train in the usual manner. Employees in charge of railroad trains operated in cities and villages might reasonably be required to anticipate the presence of horses upon public streets at

all hours during the daytime, but it would be altogether unreasonable to require them to act on the assumption of their presence at so late an hour as shown in this case, after midnight. In the case of Gibbs v. Chicago, M. & St. P. Ry. Co., 26 Minn. 427, 4 N. W. 819, the engineer there charged with negligence in sounding the whistle of his engine had sufficient notice of the presence of plaintiff's team, but in the case at bar, he had no such knowledge and the circumstances are insufficient to charge him with notice of the fact. Heininger v. Great Northern Ry. Co., 59 Minn. 458, 61 N. W. 558; Ochiltree v. Chicago, 93 Iowa, 628, 62 N. W. 7; Grogan v. Big Muddy, 58 Ill. App. 154; Hudson v. L. & N. R. R. Co., 14 Bush, 303; St. John v. St. Louis (Tex. Civ. App.) 79 S. W. 603. A number of late cases on the subject are cited in 4 Current Law, 1218.

It is insisted that the act of the engineer in sounding the whistle of his engine was negligence per se rendering defendant liable for all injuries occasioned thereby, whether the engineer could reasonably have foreseen or anticipated them or not, for the reason that his act in so doing was in violation of the ordinances of the city of Minneapolis, where the accident occurred. We do not concur in this view. Though the ordinances referred to do prohibit the blowing of whistles within the city limits, occasions of danger and peril are expressly excepted. The facts bring this case within the exception. The train in question was proceeding on its way at a late hour of night, when persons were observed upon and near the track, and the whistle was sounded as a warning to them of its approach. It being in the night, the engineer could not well determine from the reflection of the engine's headlight the number of persons or their purpose, and it clearly was not a violation of the spirit of the ordinance to give them this signal of the approaching train.

Our conclusion is that on the evidence now before the court no recovery can be had, but it is not a case for final judgment. We can grant only a new trial.

Order reversed and new trial granted.