## STATE EX REL. CHARLES F. NORWOOD v. L. S. NELSON AND OTHERS.[2]

January 3, 1919.

No. 21,271.

**Election—meaning of words.**

1. The words "the election," in section 525, G. S. 1913, in reference to instituting a contest by service of a notice, if given their ordinary meaning, can refer only to the day appointed for casting the votes. The words "election" and "final canvass," as used in that section, are not synonymous. [Reporter.]

**Same — notice of contest.**

2. A notice of contest which fixed the time for taking depositions relative

[1]Reported in 170 N. W. 224.

[2]Reported in 169 N. W. 788.

to the points on which the contest was to be made, at more than 40 days after the election, did not comply with the requirements of section 525. [Reporter.]

**Same—order for inspection of ballots.**

3. Before a judge may issue an order under section 530 for an inspection of ballots before preparing for trial, it must be made to appear that a contest has been instituted in accordance with the provisions of section 525. [Reporter.]

Upon the relation of Charles F. Norwood the supreme court granted its writ of certiorari directed to the Honorable L. S. Nelson, judge of the district court, Thirteenth judicial district, county of Nobles, to review the action of that judge in making an order denying the motion of relator for an order granting an inspection of all ballots in every precinct in the Twelfth senatorial district, comprising the counties of Murray, Pipestone and Lincoln, and appointing inspectors in each of the counties to recount the ballots. Writ quashed and proceeding dismissed.

*Davis & Michel* and *D. L. Kennedy*, for petitioner.

*Wilson Borst*, for respondent.

PER CURIAM.

Certiorari to review the refusal of the judge of the district court to order an inspection of the ballots and to appoint inspectors to inspect and recount the ballots cast for state senator in the Twelfth senatorial district, consisting of the counties of Murray, Pipestone and Lincoln.

The relator served a notice of contest December 11, 1918, wherein it was stated that depositions relative to the contest would be taken before two named justices of the peace in Murray county, on December 31, 1918. The judge below held that since the notice did not provide for the taking of the depositions within 40 days from the date of the election it was not effective, and he was not authorized to appoint inspectors to recount the votes or to order the ballots inspected.

Relator seeks to avail himself of the provisions of section 530, G. S. 1913 (as amended by chapter 167, p. 223, Laws 1915), in order to prepare for the trial of his contest before the senate. The section includes contests for seats in the legislature. State v. Searle, 59 Minn. 489, 61 N. W. 553. But before a judge is authorized to issue any order under that section it must appear that a contest has been instituted. This condition is thus expressed in the opening sentence of the section: "After a contest has been instituted, either party may have the ballots inspected before preparing for trial." The only way in which a contest for a seat in the legislature may be instituted is by a service of the notice prescribed in section 525. The part of

the section here material provides that "Any voter of a senatorial or representative district may contest the validity of the election of any person declared elected to the Senate or House of Representatives for such district, or his right to a seat therein, by causing to be served upon the contestee, within fifteen days after the completion of the final canvas, a written notice, specifying the points on which the contest will be made, and naming two justices of the peace of such legislative district before whom depositions relative thereto will be taken, and the time and place thereof, which time shall not be later than forty days after the election."

It is plain that if the ordinary meaning be given the words "the election," it can refer to no other time than the day appointed for casting the votes, which on last election was November 5. So construing the words, the notice served did not conform to the statute, for the time therein fixed for taking the depositions was more than 40 days after the election.

But relator contends that the word "election," as used in this section, includes not only the day on which the votes are cast, but embraces the whole period of time beginning with that day and ending with the day on which the final canvass is completed; otherwise, it is argued, the right of contest may be lost, because there is not sufficient time for the doing of those things which the statute contemplates and apportions time for doing. For instance, here, the final canvass was completed on the twentieth day after the votes were cast, relator is given 15 days after the completion of the canvass within which to serve the notice of contest, but such notice must be served at least 10 days before the time therein specified for taking the deposition, hence, if relator took the full time of 15 days before serving his notice, the taking of the depositions could not be brought within the prescribed 40 days. There may be some force to the argument were the statute open to construction, but we think its language too clear for doubt. The words "election" and "final canvass" are not synonymous as used in the sentence above quoted from section 525.

Courts and the several judges thereof have no jurisdiction over legislative election contests, and should not assume authority to take any steps in such contests unless clearly authorized, and then only to the extent specifically given. The character of the duties conferred upon judges and justices of the peace in these contests has been well stated in State v. Searle, supra, and State v. Peers, 33 Minn. 81, 21 N. W. 860.

We conclude that, before a judge may issue an order under section 530, it must be made to appear that a contest has been instituted in accordance with the provision of section 525, and that in the instant case it does appear that there had not been a compliance with the latter section.

The writ is quashed and the proceeding dismissed.