## I. P. FLATEN AND OTHERS v. O. J. KVALE.[1]

### October 1, 1920.

### No. 22,101.

**Election contest — publication of false statements — finding sustained.**
  1. The evidence sustains a finding that contestee in a contest for a nomination at a primary election published, within the meaning of G. S. 1913, § 573, certain false statements relative to his opponent, tending and intended to affect voting at such primary.

**Corrupt Practices Act — statute inapplicable to contest under that act.**
  2. Section 599, G. S. 1913, where it provides that, in contests over nominations, the court shall pronounce whether incumbent or contestant was duly nominated, and the person so declared nominated shall have his name printed on the official ballot, has no application where the contest is for a violation of the Corrupt Practices Act, unless it involves the question of which candidate received a plurality of the votes.

From the judgment of the district court for Swift county, entered pursuant to the findings and order for judgment of Johnson, J., that O. J. Kvale, contestee, was not duly nominated to the office of member of Congress in the Seventh Congressional District of Minnesota at the primary election held on June 21, 1920, and that Andrew J. Volstead was duly nominated as the candidate of the Republican party for such office, the

[1]Reported in 179 N. W. 213.

contestee appealed. The facts are stated in the opinion. Affirmed as modified.

*C. L. Kane, Vince A. Day* and *James Manahan,* for appellant.
*Bert O. Loe, C. A. Fosnes* and *L. B. Barnard,* for respondents.

QUINN, J.

Andrew J. Volstead and the contestee, O. J. Kvale, were opposing candidates for the Republican party nomination for member of Congress from the Seventh Congressional District of Minnesota at the primary election held on June 21, 1920. There were no other candidates for such nomination. The contestee received a majority of the votes cast and was declared the nominee by the canvassing board. Thereafter 49 citizens of the district, qualified to vote for such candidates at such primary, signed and caused to be filed in the district court of the county in which contestee resided, a petition to contest his right to such nomination under the provisions of section 599, G. S. 1913, upon the ground that contestee had violated the Corrupt Practices Act. After a full and complete hearing, the trial court made findings and rendered judgment to the effect that the contestee had violated the laws of the state in relation to nominations, and therefore was not legally nominated or entitled to have his name placed upon the official ballot of the Republican party as a candidate for such office, and therefore his opponent was duly nominated as the Republican candidate. The contestee appealed.

The record presents but two questions requiring special attention, viz.: (1) Whether the findings of the trial court are sustained by the evidence; and (2) whether the court erred in awarding the nomination to Volstead. We discover no rulings on the admission or exclusion of evidence requiring discussion, and pass the assignments of error on that subject with the remark that we have considered them all and find no reversible error.

1. The statute under which this proceeding was instituted (section 599) provides that: "Any twenty-five voters of the state, or of any political division thereof, may contest the right of any person to nomination, position or office for which said voters had the right to vote, on the ground of deliberate, serious and material violation of the provisions of

this act or of any other provisions of law relating to nominations and elections."

Section 573, G. S. 1913, provides that: "Any person * * * who shall knowingly make or publish or cause to be published, any false statement in relation to any candidate or proposition to be voted upon, which statement is intended to or tends to affect any voting at any primary or election, shall be guilty of a misdemeanor," * * *

It is charged in the petition that contestee, during the campaign preceding the primary, wrote and caused to be printed and circulated in said district, a false statement of and concerning his opponent, which tended and was intended to influence voters at such primary, as follows: "Mr. Volstead's sneering allusion to my having preached on the miracle of the five loaves and two small fishes I consider entirely out of place in a statement of political principles. If, as I understand, Mr. Volstead is a pronounced atheist and opposed to the Bible that is his affair. I have no quarrel with him on that score. Neither do I feel that I owe Mr. Volstead or any living mortal an apology for my faith in God and my adherence to the principles and precepts of the Nazarene."

It is conceded that contestee wrote and caused to be distributed the statement complained of, but it is contended in defense thereof that contestee had been informed by divers persons that his opponent was an atheist and did not believe in the Bible, and that he believed such statements to be true. He further contends that his opponent had made and published to the voters of the district sneering allusions to contestee's preaching upon the miracle of the loaves and fishes, which, together with what he had heard about his opponent's religious belief, provoked the circular complained of. It is further contended that there is no proof in the record to show that the article influenced any voters nor that the same constituted a violation of law. He claims that he published the article in good faith and that he was justified in so doing under the circumstances.

Mr. Volstead was, and for several years had been, the member of Congress from the Seventh District. The contestee was a minister of the gospel ordained in the Lutheran church and had for about three years been in charge of a congregation at Benson in said district. He was a stranger to Mr. Volstead, never having met him. The Lutheran church

has a very large following in the district, its churches being almost as numerous therein as the country school houses.

The trial court found as matters of fact, that on June 17, 1920, contestee caused 5,000 circulars containing said statement to be mailed to individual voters in the district. That the same tended and was intended to affect voting at such primary, and constituted a deliberate, serious and material violation of the laws of the state relating to nominations, and that there was no excuse or justification therefor. That the charge that Mr. Volstead was an atheist and did not believe in the Bible was untrue, and that Mr. Volstead ever since childhood has been and now is a believer in God and the Bible.

We have examined the evidence in this case with care and are of the opinion that it sustains the findings of the trial court. The statute prohibits the publication of any false statement in relation to a candidate which is intended to affect voting at any election, or tends to do so. Section 573 supra. The circular was distributed among the voters of the district but four days before the primary was held. It can hardly be successfully contended that a charge made by a minister of the gospel to followers of his faith that a particular candidate for office who seeks their support is an atheist and disbeliever in God would not have a material influence upon the voters to whom it is communicated. The trial court was right in so holding.

2. One purpose of the Corrupt Practices Act is to prevent a candidate from obtaining a nomination or election to office by employing false statements or corrupt means to influence voters during a campaign. The act operates upon those guilty of its violation. Its purpose is to exclude all violators of its provisions. It was not intended as a rule for election contests, nor does it authorize or empower a court to declare a candidate nominated who failed to receive a plurality of the votes cast. While section 599 provides that in case of contests over nominations the court shall pronounce whether the incumbent or contestant was duly nominated, and the person so declared nominated shall have his name printed on the official ballot, this provision can have no application where the contest is for a violation of the Corrupt Practices Act, unless it also involves the question of which candidate received a majority or plurality of the votes cast.

It applies more particularly where 'the contest is brought under section 11, chapter 167, p. 230, Laws of 1915; which provides that: "Any candidate at a primary election desiring to contest the nomination of another candidate for the same office shall proceed in the manner prescribed for general election contests (G. S. 1913, § 529), and the same proceedings shall be had, so far as practicable, as for such contests." Where, as in the case under consideration, it is found by the trial court that the contestee has violated the provisions of the statute relating to nominations, and judgment is entered accordingly, the judgment excludes the contestee and creates a vacancy in the nomination, which vacancy must be filled as provided by section 395, G. S. 1913.

It is ordered that the judgment appealed from be modified by eliminating therefrom the clause declaring Andrew J. Volstead the nominee for the office in controversy, and as so modified the judgment is affirmed.