STATE EX REL. 25 VOTERS v. C. G. SELVIG.[1]

March 4, 1927.

No. 26,007.

**Jurisdiction over question of disqualification of congressman.**
    The house of representatives has exclusive jurisdiction to determine
whether a candidate elected as a representative in Congress is dis-
qualified from becoming. a member of that body by reason of an
alleged violation of the corrupt practices act.

United States, 39 Cyc. p. 696 n. 30.

Relators appealed from an order of the district court for Polk
county, Watts, J., denying for want of jurisdiction their application
to have respondent adjudged disqualified for election as representa-
tive in Congress. Affirmed.

*James M. Witherow*, for appellants.

*Charles Loring* and *John H. Hougen*, for respondent.

TAYLOR, C.

At the general election held in November, 1926, the respondent,
C. G. Selvig, was a candidate for election as representative in
Congress from the Ninth congressional district in this state and
received a majority of the votes cast for that office. Thereafter some
40 of the voters of that district made an application to the district
court of Polk county for an order requiring respondent to show
cause why he should not be adjudged disqualified for election to
that office, alleging as the ground therefor that he had violated the
corrupt practices act of this state in that during the campaign for
election he had published and circulated untrue statements concern-
ing his opponent. The district court denied the application for lack
of jurisdiction, and the relators appealed. Flaten v. Kvale, 146
Minn. 463, 179 N. W. 213, cited by the relators, is not in point. That
case involved a violation of the corrupt practices act as it related to

[1]Reported in 212 N. W. 604.

primary elections. Such primary elections are not of the character contemplated or intended by the term election as used in the Constitution of the United States or the Constitution of this state, and are not elections within the meaning of that term as there used. They are merely a method of nominating candidates for the various offices to be filled by the voters at the election intended by the Constitution. State ex rel. Gulden v. Johnson, 87 Minn. 221, 91 N. W. 604, 840; State ex rel. Nordin v. Erickson, 119 Minn. 152, 137 N. W. 385; Sawyer v. Frankson, 134 Minn. 258, 159 N. W. 1; Newberry v. United States, 256 U. S. 232, 41 Sup. Ct. 469, 65 L. ed. 913. The state may make such regulations and impose such conditions as it may deem necessary in respect to the nomination of candidates, the preparation of ballots, the placing of the names of candidates thereon and the manner in which the election shall be conducted, provided they are fair, impartial and reasonable, and afford the voters a fair and full opportunity to express their choice at the election. But such provisions in so far as they relate to the election of senators and representatives in Congress cannot be given an effect which will interfere with or encroach upon the power vested in the houses of Congress by the Constitution of the United States.

In the present case the election has been held and the result declared. The only question now open is whether the successful candidate shall be permitted to take his seat as a member of the house of representatives. The Constitution declares that each house of Congress "shall be the judge of the elections, returns and qualifications of its own members." Art. I, § 5. This provision gives the house of representatives exclusive jurisdiction to determine whether the respondent is or is not disqualified from becoming a member of that body. State ex rel. McKusick v. Peers, 33 Minn. 81, 21 N. W. 860; State ex rel. Norwood v. Nelson, 141 Minn. 499, 169 N. W. 788; State ex rel. v. Crawford, 28 Fla. 441, 10 So. 118, 14 L. R. A. 253; McDill v. Board, 36 Wis. 505; State ex rel. v. Judges, 40 La. Ann. 598, 4 So. 482; Dinan v. Swig, 223 Mass. 516, 112 N. E. 91; Wheeler v. Board of Canvassers, 94 Mich. 448, 53 N. W. 914; State ex rel. v. District Court, 50 Mont. 134, 145 Pac. 721; Sutherland v. Miller, 79 W. Va. 796, 91 S. E. 993, L. R. A. 1917D, 1040.

Any judgment rendered by the court upon that question would be both officious and nugatory.

Order affirmed.