## EMMETT O'NEILL v. AUGUST C. KALLSEN.[1]

October 25, 1946.

No. 34,374.

*O'Neill & O'Neill* and *Donley & Crill,* for relator.

*J. A. A. Burnquist,* Attorney General, *George B. Sjoselius,* Deputy Attorney General, and *J. H. Manion,* Pipestone County Attorney, for respondent.

*B. M. Heinzen* and *Ordner Bundlie,* for Hans C. Pedersen, appearing *amici curiae* on the brief for respondent.

[1]Reported in 24 N. W. (2d) 715.

MATSON, JUSTICE.

Original proceeding for a writ of prohibition against respondent as county auditor of Pipestone county, Minnesota, to prevent him from placing the name of Hans C. Pedersen as a candidate for state senator for the twelfth legislative district (consisting of the counties of Pipestone, Murray, and Lincoln) on the official 1946 general election ballots for Pipestone county, and further to prevent him from certifying copies of the original voters' certificate of nomination (of said Hans C. Pedersen as such candidate for senator) for filing with the respective auditors of the counties of Murray and Lincoln.

In the 1946 primary, Emmett O'Neill, relator herein, and one J. V. Weber were duly nominated as the two candidates for the office of state senator for the aforesaid legislative district, and the one receiving the highest number of votes was to be elected. The above named J. V. Weber died October 3, 1946, while still a candidate for senator. In the same primary election, Hans C. Pedersen was nominated as a candidate for state representative for the county of Pipestone, and his name as such candidate has been printed on the official ballots which will be submitted to the electors of that county at the 1946 general election. Although the time for withdrawing his name as a candidate for representative had expired, Hans C. Pedersen, on or about October 15, 1946, filed with respondent, as the auditor of the county of his residence (Pipestone), a voters' petition or certificate for his nomination as a candidate for the office of senator to fill the vacancy in nomination resulting from the death of J. V. Weber.

Minn. St. 1945, § 202.26,[2] provides:

"No nomination for any office shall be made either by petition or otherwise within 30 days before the time of holding a general election, except nominations to fill a vacancy in a nomination previously made, or to nominate a candidate for an office in which a vacancy has occurred and for which no person is a candidate."

---

[2]See, M. S. A. § 202.26, and cf. Mason St. 1940 Supp. § 601-3(3)g.

In 1945, however, the legislature enacted L. 1945, c. 190, applicable only to the primary and general elections for the year 1946, to facilitate voting by Minnesota electors serving in the armed forces of the United States. Section 14 of said act provides:

"The dates for the performance of acts in preparation for and the holding of the primary and general elections are changed as follows:

\* \* \* \* \*

"Not later than August 8—Vacancies in nominations must be filled."

Relator contends that Hans C. Pedersen has not qualified himself as a candidate for senator, in that no petition for nomination could be filed in 1946 subsequent to August 8; further, that he cannot be a candidate for both senator and representative, because the two offices are incompatible; and, further, that the death of candidate Weber, with relator surviving as a candidate, did not create a vacancy as contemplated by Minn. St. 1945, §§ 202.26 and 202.27.[3] Before considering relator's contentions, we must determine whether a writ of prohibition is a proper remedy here.

The statutes of Minnesota confirming the writ of prohibition do not change its essential common-law use as a writ to prohibit judicial or quasi-judicial action in excess of jurisdiction. Home Ins. Co. of St. Paul v. Flint, 13 Minn. 228 (244). See, 20 Minn. L. Rev. 272. As an extraordinary writ issuing out of the supreme court, its application has been extended to keep not only inferior courts or tribunals, but corporations, officers, and individuals as well, *who are invested by law with judicial or quasi-judicial authority,* from going beyond their jurisdiction. "Jurisdiction" as used in delimiting the scope of the writ is the right to hear and determine a matter, and it carries with it the idea of exercising judicial or quasi-judicial functions. See, State ex rel. Gale v. Ueland, 30 Minn. 29, 14 N. W. 58; Stein v. Morrison, 9 Idaho 426, 75 P. 246. In no case is the writ available to prevent courts, corporations, of-

---

[3]See, M. S. A. § 202.27, and cf. Mason St. 1940 Supp. § 601-3(3)h.

ficers, or individuals from performing a purely ministerial act that is neither judicial nor quasi-judicial in its nature. It will not issue to restrain individuals or nonjudicial bodies from exercising purely political, legislative, or administrative functions.[4] Our legislature has not seen fit to extend the use of the writ to prohibit unauthorized administrative or ministerial acts as well as judicial action in excess of jurisdiction. Cf. Putnam v. Pyle, 57 S. D. 250, 258, 232 N. W. 20, 23.

In order to justify a writ of prohibition, it is fundamentally essential that the court, individual, or officer *be about to exercise judicial or quasi-judicial power.* Applying this test to the instant case, we inquire what is the nature of the acts which relator seeks to have this court prohibit. We observe that the filing of the voters' petition or certificate of nomination of Hans C. Pedersen as a candidate for senator in the office of respondent as auditor of the county of such candidate's residence (Pipestone) is an accomplished fact. Upon the filing of such voters' certificate of nomination, respondent was required by statute to perform two acts, namely (1) place the name of the candidate upon the official ballots of his county for the general election, and (2) certify copies of such original voters' certificate of nomination for filing with the respective auditors of Murray and Lincoln counties. See, Minn. St. 1945, § 202.25.[5] It is the performance of these two statutory acts or duties which relator seeks by this writ to prevent. Obviously, neither of these acts involves the exercise of any form of judicial or quasi-judicial power. In fact, the performance of these statutory duties does not require, or even permit, the exercise of any form of official discretion, judicial or otherwise. Home Ins. Co. of St. Paul v. Flint, 13 Minn. 228 (244). These acts are purely ministerial. Accordingly, relator's resort to a writ of prohibition is of no avail.

The restraining order is vacated and the writ quashed.

---

[4]Dayton v. Paine, 13 Minn. 454 (493); State ex rel. McKusick v. Peers, 33 Minn. 81, 21 N. W. 860; 5 Dunnell, Dig. & Supp. §§ 7840, 7841, and cases cited; Annotations, 115 A. L. R. 3, and 117 A. L. R. 1398.

[5]See, M. S. A. § 202.25, and cf. Mason St. 1940 Supp. § 601-3(3)f.