WATSON, Respondent, *vs.* THE COUNTY OF ST. LOUIS, Appellant.

Under the act of 1851, concerning the Law Commissioner's Court of St. Louis county, the county is not obliged to furnish a room for the transaction of the business of that court.

### Error to St. Louis Court of Common Pleas.

On the 10th of October, 1851, the respondent filed a petition in the St. Louis Court of Common Pleas, stating that on the 20th of August, 1851, he paid the sum of one hundred and forty one 67-100 dollars for rent of rooms, from the 13th of March to the 13th of August, 1851, for the use of the officers and suitors in the Court of the Law Commissioner of St. Louis county, and that during the time above mentioned, he was the Law Commissioner of St. Louis county; that the County Court of St. Louis county failed and refused to provide any rooms or

place for the transaction of the business in said Law Commissioner's Court; that rooms, as a place of business for said court, were necessary; that those provided by the said respondent, were suitable, and the amount paid reasonable; and he asked judgment for said amount and interest thereon.

To which petition the appellant demurred, for the following reasons, to wit:

1. It did not appear by said petition that the amount of money alleged to have been paid for rent, was paid at the instance or request of said appellant.

2. It did not appear by said petition that said appellant was liable to pay the rent mentioned in said petition.

3. There was no contract, either expressed or implied, stated in said petition, whereby said appellant is liable to pay to said respondent the amount sued for, or any other sum.

4. It did not appear by said petition that said appellant was legally bound to furnish a room or rooms for the said Law Commissioner's Court.

The court below overruled the demurrer and rendered judgment for the respondent. The appellant filed a motion for a re-hearing, and to set aside the said judgment, for the following reasons:

1. Because the demurrer ought to have been sustained.

2. Because the judgment ought to have been for the defendant.

3. Because there is no law which makes the appellant liable to an action, for the causes stated in said respondent's petition.

4. Because, if the appellant is liable, the remedy is by mandamus.

The court overruled the said motion, and the appellant appealed to this court.

*Lackland & Jamison*, for appellant, contend:

1. That the appellant is not bound to furnish a room to transact the business of the Law Commissioner's Court; that this court was one of limited jurisdiction, and the county is just as much bound to furnish rooms for justices of the peace.

The act establishing the St. Louis Probate Court expressly provides that the county shall pay all necessary expenses, for office rent, &c., and if the Legislature had intended that the county should furnish a room for the Law Commissioner's Court, they would have inserted a similar provision in the act.

2. The respondent has mistaken his remedy. If he had any, it was by mandamus. 19 Johns. 261. *Hull* v. *Supervisors of Oneida*, 1 Wend. 324. *People* v. *Corporation of Brooklyn*. *Boone Co.* v. *Todd*, 3 Mo. 103. *St. Louis Co.* v. *Ruland*, 5 Mo. 270.

*R. M. Field,* for respondent.

The legislature of Missouri, by act of 17th of February, 1851, established a court of record in St. Louis county, called "the Law Commissioner's Court." See acts of 1851, p. 241.

Section 1 constitutes the court a Court of Record, to all intents and purposes, with all the powers, duties and restrictions of such a court, according to the laws of this state.

Sections 3 and 4 confer on this court a large exclusive jurisdiction, carved out of the jurisdiction of the Circuit Court.

Section 7 confers upon the Law Commissioner a concurrent control with the Circuit Court over justices of the peace.

Section 12 gives to the commissioner, in general, the same fees and compensation that are allowed to clerks of the Circuit Court in like cases, to be taxed and collected in the same manner.

1. The expense of providing a good and sufficient court house, is to be borne by the county. Rev. Stat, tit. *County Buildings*.

This provision of the law extends to the offices of the clerks of courts of record. *Boone Co.* v. *Todd*, 3 Mo. Rep. 140.

This construction of the law by the Supreme Court seems to have been adopted by the legislature; for it is now provided by law, expressly, that clerk's offices shall be exempt from levy of execution against the county. Rev. Stat. 1845, chap. 38. See, also, Rev. Stat. tit. *Counties, their organization*, Chap. 39, sec. 24.

2. It is made by law the duty of the sheriff to attend the several courts of record, and furnish stationery, fuel and other necessary things. Rev. Stat. tit. *Courts,* sec. 67.

The several courts are to audit the accounts of the sheriff and certify them for payment. Ib. sec. 68.

The payment of the amounts are to be made out of the county treasuries. Ib. sec. 71.

3. Clerks are required by law to provide suitable books, stationery and furniture for their offices, which, except in the case of clerks of the Supreme Court, are to be paid for by the proper county. Rev. Stat. tit. *Clerks,* sec. 16. See the case of *St. Louis Co.* v. *Ruland,* 5 Mo. Rep. 268.

4. The present remedy for action is proper. Rev. Stat. tit. *Counties, Conveyances,* sec. 6. *Boone Co.* v. *Todd, ubi supra.*

5. In confirmation of the conclusion derived from a comparison of the several statutes and judicial decisions in this state, the respondent refers to the following cases decided in the state of New York.

In *Bright* v. *Supervisors of Chenango,* (18 Johns. 242,) which is the leading case in New York, it was held by the court that the clerk had a just claim on the county for record books furnished by him, although the law had not expressly provided for the payment.

Again, in *Doubleday* v. *Supervisors of Broome,* (2 Con. 533,) it was held that the county was liable to the clerk for engrossing and entering the minutes of record. The statute law in this case was entirely silent on the subject of compensation.

So, too, in the case of *People* v. *Supervisors of Albany,* (12 Wend. 257,) it was decided that a judge who attended at the drawing of juries, was entitled to a compensation from the county, for his time and expenses.

*M. & F. P. Blair, Jr.,* for the same.

GAMBLE, Judge, delivered the opinion of the court.

This case seems to require a short history of the Law Com-

missioner's Court, which has gradually grown up from an offi-
cer appointed to take depositions, to the dignity of a court of
record.

In the revised code of 1845, 690, we find the original act for
the appointment of a law commissioner for St. Louis county,
whose duty was the taking of depositions, and who was vested
by the act with "the sole and exclusive power of taking depo-
sitions, to be read in evidence in the several courts of record in
St. Louis county." The 4th section makes it "the duty of
the said commissioner to have some suitable, convenient, and
fixed place of business, which shall be within the city of St.
Louis."

By the act of 4th February, 1847, the law commissioner
was authorized to take and certify the acknowledgment of deeds
—to act as a justice of the peace, in all criminal cases—to
take examinations—to commit, admit to bail or discharge pris-
oners, in the same manner as a justice of the peace, and to
solemnize marriages. By an act passed a week after the last,
the commissioner was vested with concurrent jurisdiction with
justices of the peace, in the actions and proceedings enumera-
ted in the second and third sections of the first article of the
act to establish justices' courts. The commissioner was, also,
vested with concurrent jurisdiction with the Circuit Court, in
all actions of detinue and replevin, wherein the matter in con-
troversy does not exceed one hundred and fifty dollars.

It is to be observed, that while the office was thus rapidly
increasing in consequence and emolument, the fourth section
of the original act still made it the duty of the officer to pro-
vide some suitable, convenient and fixed place of business in
the city of St. Louis.

We do not find that at the session of the General Assembly
in 1848, there was an addition made to the powers of the com-
missioner.

The act of the 17th February, 1851, is entitled, "an act
supplementary to the several acts concerning the Law Commis-
sioner of St. Louis county." In its first section it provides,

that "the Law Commissioner's Court of St. Louis county, shall be deemed, to all intents and purposes, a court of record, and shall possess the powers, perform the duties and be subject to the restrictions of a court of record, as such, according to the law of the State." Several of the subsequent sections are employed in prescribing the jurisdiction of the court; greatly enlarging its original jurisdiction and conferring appellate jurisdiction from justices of the peace. The process is to be directed to, and executed by any constable of the township of St. Louis, or by the sheriff or marshal of the county. The twelfth section prescribes the fees of the commissioner, making them the same, in cases of original jurisdiction, with those received by justices of the peace; and, in appeal cases, the same fees are allowed as are allowed to the justices in the original trial; and for services not provided for in the fee bill of justices, he is to have the fees allowed by law to the clerks of the Circuit Court, for like services.

This act does not, in express terms, direct where the commissioner shall hold his court, whether in the city of St. Louis, or in some of the other townships; but the fourteenth section provides that "all acts relating to said Commissioner's Court, heretofore in force, which are not inconsistent with this act, shall be considered as still in force." The place at which the court shall be held within the county, instead of being dependent on the will of the commissioner, is, by the fourth section of the original act, fixed within the city of St. Louis. But if this section be in force for the purpose of commanding the court to be held in the city of St. Louis, it is equally in force for the purpose of designating the mode of paying the expenses of a court room, and it declares that it shall be the duty of the commissioner, "to have some suitable, convenient and fixed place of business," &c. Beyond all question, while exercising the powers conferred by the acts of 1845 and 1847, the commissioner was bound to bear the expense of his office or court room, as much as any justice of the peace in the state.

The act of 1851, which is supplementary to the previous acts, and which takes up the Commissioner's Court, as a tribunal already existing, and increases its jurisdiction, does not affect this question, unless the change is wrought by the declaration that the court shall be a court of record, and shall possess the powers, perform the duties and be subject to the restrictions of a court of record, according to the laws of the state. If the acts previously in force, conferring upon the commissioner jurisdiction to hear and determine causes, subjected him, by express enactment, to the burden of providing a place at which he was to administer the law to suitors, it is not perceived how the enlargement of his jurisdiction and the increase of his emolument, even when the dignity of the tribunal is increased, by making it a court of record, can exempt the incumbent of the office from the expenses and burdens to which, by express law, he has always heretofore been subject. In the different acts, to which reference has been made, nothing is found that expressly charges the county with the burden attempted to be imposed by this action, and nothing that can be held to repeal the fourth section of the original act, creating the office of law commissioner. There are many offices, in the performance of the duties of which the public have a high interest, and yet the offices are left, by law, subject to expenses and burdens, to be borne by the incumbent, and he takes the office subject to such burdens. The present is a case of that description. The demurrer to the petition was improperly overruled, and therefore the judgment is reversed and the cause remanded, with direction that a judgment be rendered by the Court of Common Pleas, in favor of the county, upon the demurrer.