## McKEAN v. THE CITY OF MOUNT VERNON.

1. **Municipal Corporations : SEVERANCE OF TERRITORY.** Section 440 of the Code, providing that a part of the territory of a town or city may be severed therefrom on petition of resident property holders, is applicable to all the territory in a city or town, whether it may have been laid out in lots and blocks or not.

*Appeal from Linn Circuit Court.*

MONDAY, JUNE 9.

THE plaintiff filed in the court below an application to have all of McKean's addition to Mount Vernon, lying north-west of Jefferson street and south-east of Washington street, severed from and stricken out of the limits of said city. The territory described in the application was laid out and platted into blocks, lots, streets and alleys, as an addition to the city, by the plaintiff in the year 1857.

There was a demurrer to the application, which was over-ruled. The defendant failing to plead over, there was a decree for the plaintiff as prayed, and commissioners were appointed, as provided by statute, to adjust the terms upon which the property described shall be severed from the city. The defendant appeals from the order of the court overruling the demurrer.

*J. C. Davis,* for appellant.

*J. B. Young,* for appellee.

McKean v. The City of Mount Vernon.

ROTHROCK, J.—Section 440 of the Code provides that "when the inhabitants of a part of any town or city shall desire to have the part of the territory of such city or town

1. MUNICIPAL
corporations:
severance of
territory.

in which they reside severed from or stricken out of the limits of such city or town, they may apply by petition in writing, signed by a majority of the resident property holders of that part of the territory of such city or town, to the Circuit Court of the county, which petition shall describe the territory proposed to be thus severed or stricken out of the limits of such city or town, and have attached thereto an accurate map or plat thereof, and shall also name the person or persons authorized to act in behalf of the petitioners in the prosecution of said petition."

Counsel for appellant contends that the demurrer should have been sustained, because it appears from the petition that the land sought to be severed from the limits of the city was, in 1857, laid out and platted into blocks, lots, streets and alleys, and the statute does not apply to property thus situated, but only to territory within a city or town not laid out in lots and blocks.

We are not authorized to give the statute so narrow a construction. It applies to any and all territory within a city or town, whatever its boundaries may be, or however it may be situated. If it had been intended to limit its operation apt words would have been used for that purpose.

It is suggested that the statute cannot apply to territory in which there are streets and alleys, because the title thereto is vested in the city. But the title of the city to the streets and alleys is subject to be diverted upon the vacation of the plat, as provided in sections 563 and 564 of the Code; and the plaintiff avers in his petition his purpose to make such vacation. Indeed, it seems to us that a severance from the city, under the statute, would operate as an extinguishment of the rights of the corporation in the streets and alleys. It would seem that the city can have no right in, nor authority

over, territory which has been legally severed from it and placed outside of its boundaries.

AFFIRMED.