# Commonwealth, Appellant, v. Shafer.

*Constitutional law—Plumbers—Boards of health—Delegation of legislative power—Act of June 24, 1895, P. L. 232.*

The Act of June 24, 1895, P. L. 232, which authorizes boards of health to provide for the registration of journeymen and master plumbers, is not unconstitutional as involving an unlawful delegation of legislative power to municipal authorities. The fact that the act fixed a penalty for a violation of the municipal regulation does not affect the validity of the statute.

*Constitutional law—Local and special legislation—Plumbers—Boards of health—Sewers—Classification.*

The Act of June 24, 1895, P. L. 232, authorizing the registration of journeymen and master plumbers by boards of health in cities and boroughs, is not unconstitutional as local and special legislation because of the fact that the act applies only to boroughs which have a system of sewerage.

*Boroughs—Boards of health—Plumbers.*

Under the Act of June 24, 1895, P. L. 232, relating to the registration of journeymen and master plumbers in boroughs and cities, a board of health has no authority to adopt a regulation that a person applying for registration should produce satisfactory proof that he was a bona fide master plumber, and that all persons failing to furnish such satisfactory proof should be obliged to pass an examination before the examining committee of the board of health.

A regulation under the act which provides for the registration of master plumbers only, and fails to provide for the registry of journeymen, is invalid as lacking in uniformity.

Argued Oct. 25, 1906. Appeal, No. 182, Oct. T., 1906, by plaintiff, from order of Q. S. Clearfield Co., May T., 1906, No. 57, discharging defendant in case of Commonwealth v. A. A. Shafer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

498  COMMONWEALTH, Appellant, *v.* SHAFER.

Statement of Facts—Opinion of the Court. [32 Pa. Superior Ct.

Indictment for plumbing without a license. Before SMITH, P. J.

The case turned upon the constitutionality of the Act of June 24, 1495, P. L. 232, and the validity of the regulation of the board of health of the borough of DuBois passed in pursuance of the act. When the case came on for trial a motion was made to discharge the defendant, which motion the court subsequently granted, and the defendant was discharged.

*Error assigned* was the order of the court discharging the defendant.

*W. C. Pentz*, with him *William I. Swoope*, district attorney, for appellant.—The act of 1895 is constitutional: Beltz v. Pittsburg, 26 Pa. Superior Ct. 66.

*Singleton Bell*, with him *Howard B. Hartswick*, for appellee, cited on the constitutionality of the act: O'Neil v. Fire Ins. Co., 166 Pa. 72; Com. v. Finn, 11 Pa. Superior Ct. 620; Com. v. Standard Oil Co., 101 Pa. 119.

OPINION BY PORTER, J., February 25, 1907:

This prosecution was instituted under the provisions of the Act of June 24, 1895, P. L. 232. By the first section of the statute boards of health in cities and boroughs of this commonwealth are " authorized and directed to adopt and promulgate suitable rules and regulations for the construction of house drainage and cesspools, and to provide for the registration of journeymen and master plumbers, and persons engaged in the plumbing business in cities and boroughs; Provided, that the provisions of this act shall not apply to boroughs having no system of water supply or system of sewerage." The second section enacts that, " Any person who shall refuse or neglect to comply with the requirements of said rules and regulations when promulgated, shall be guilty of a misdemeanor, and on conviction be sentenced to pay a fine of not more than $100, or undergo an imprisonment not exceeding one year, or both, in the discretion of the court." The information charged that the defendant, on April 6, 1906, " within the borough of Du-

Bois, said county, started as a master plumber and did plumb in a building of one J. Riley, at 525 First street, in said borough of DuBois, without taking out a plumber's license or having the right to do plumbing, contrary to the act of assembly in such case made and provided and the rules of the board of health of the borough of DuBois promulgated, which rules are as follows : " "Every person engaged in the plumbing business in the borough of DuBois as a master plumber and every person coming from other places for the purpose of doing plumbing work in the borough of DuBois as a master plumber, shall appear in person at the office of the board of health and register his name and business address upon blanks prescribed by the board of health, and receive a certificate of registry upon presenting satisfactory proof that he is a bona fide master plumber, and no person other than a registered plumber shall be allowed to carry on, or engage in the plumbing business or make any connection with any sewer drain, soil or waste pipe connected therewith, and all persons failing to furnish the board of health with satisfactory proof as called for above, shall be obliged to pass an examination before the examining committee of the board of health of DuBois." The defendant, having after hearing been held for court, moved for his discharge from further prosecution, upon the ground that the board of health of the borough was without authority to make and promulgate the rules set forth in the information, and that the act of assembly upon which the rule was supposed to be founded was unconstitutional. The learned judge of the court below held that the statute was unconstitutional, in that it involved an unauthorized delegation of legislative power to the municipal authorities, and upon that ground discharged the defendant. The commonwealth appeals.

The learned judge of the court below based his decision, that the act involved an unauthorized delegation of legislative power, upon the authority of O'Neil v. Insurance Company, 166 Pa. 72. Mr. Justice WILLIAMS, who spoke for the Supreme Court in O'Neil v. Insurance Company, in a later case, Jermyn v. City of Scranton, 186 Pa. 595, which involved the question of the legislative power to clothe the officers of a municipality with authority to make municipal regulations, referring to O'Neil v. Insurance Company, said : " An examination of that

case shows that the question there raised and decided has no analogy to the question we are now considering. It was an attempt to delegate to a single individual person the power to prescribe a compulsory form of contract between private parties. The whole subject was committed to the official without any kind of limitation or restraint, and without responsibility to any supervising agency." Cities and boroughs are state agents, instituted for the purposes of local government, and it is competent for the legislature to delegate to the municipal authorities the power to make such rules and regulations as may be necessary to secure, within the municipal limits, the purposes of their organization. " The taxing power in this commonwealth is vested absolutely in the legislature, and when not prohibited by the constitution, it is limited in the exercise of that power by its discretion only. It may tax every species of property permanently within the limits of this state not exempt by the constitution thereof, or by the constitution and laws of the United States. Whatever power it possesses it may delegate to a municipal government, to be legitimately exercised within its corporate limits : " Pennsylvania Railroad Company v. Pittsburg, 104 Pa. 522 ; Butler's Appeal, 73 Pa. 448 ; Jermyn v. City of Scranton, 186 Pa. 595. That the legislature may, in the exercise of the police power, empower the authorities of a municipality to make such rules and regulations as they shall deem necessary for the good order of the municipality, to regulate its roads, streets and common sewers, to protect its citizens in their persons and property and to promote the public health, and to ordain penalties for the violation of such regulations and collect the same, provided such regulations do not contravene the laws and constitution of the commonwealth or of the United States, is well settled. The only question for the court to determine is whether a particular ordinance is a reasonable exercise of the power conferred : Commissioners v. Gas Company, 12 Pa. 318 ; Frankford & Philadelphia Passenger Railway Company v. Philadelphia, 58 Pa. 119 ; Johnson v. Philadelphia, 60 Pa. 445 ; Warren Borough v. Geer, 117 Pa. 207 ; City of Allentown v. Western Union Telegraph Company, 148 Pa. 117 ; Sayre Borough v. Phillips, 148 Pa. 482 ; Water Company v. Darby, 199 Pa. 400 ; Ridley Park v. Light & Power Company, 9 Pa. Superior Ct.

615 ; Edgewood Borough v. Scott, 29 Pa. Superior Ct. 156 ; Appeal of the City of Pittsburg, 115 Pa. 4. That the statute fixes the penalty for a violation of the municipal regulation is no objection to its validity. The legislature might in its discretion have authorized the municipal authorities to enact regulations and fix penalties for the violation thereof, not exceeding a certain maximum, but this statute withheld that discretion from the municipal authorities. The legislature unquestionably had the power to fix the penalty and determine the constitutional mode of trial for violation of the regulations, which the statute authorized the municipal authorities to promulgate. The act insures all parties who violate the regulations a trial in the court of quarter sessions, at which the reasonableness of the regulation and the power of the borough to make it, under the act by which the authority is conferred, can be determined by a court of competent jurisdiction. This statute did not involve an unlawful delegation of legislative power.

Counsel for the defendant contend that the statute is local and special, for the reason that it applies only to boroughs which have a system of sewerage. The statute relates to the public health, as affected by the matters of plumbing and drainage and of general sanitation resulting therefrom. " In its nature it is a definition and regulation of the police power on a subject which is one of municipal concern. All the cases agree that such subjects are the principal basis of the legitimate classification of cities. That the control and regulation of cesspools and drainage in general are more important and require different conditions in closely built up neighborhoods from those sufficient for the open country does not need discussion. And for the same reason the regulations may require to be different in cities of different volume and density of population. . . . The subject being one which is germane to the proper basis of classification its regulation and application to one or more classes are within the legislative discretion : " Beltz v. Pittsburg, 211 Pa. 561 ; 26 Pa. Superior Ct. 66. " Legislation for a class, distinguished from a general subject, is not special but general, and classification is a legislative question, subject to judicial revision only so far as to see that it is founded on real distinctions in the subjects classified, and not on artificial or irrelevant

ones, used for the purpose of evading the constitutional prohibition. If the distinctions are genuine the courts cannot declare the classification void, though they may not consider it to be on a sound basis. The. test is, not wisdom, but good faith in the classification: " Seabolt v. Commissioners, 187 Pa. 318; Commonwealth v. Gilligan, 195 Pa. 504; Clark's Estate, 195 Pa. 520; Stegmaier v. Jones, 203 Pa. 47. The subject-matter of this legislation is house drainage and plumbing. The condition upon which the exercise of the power by the board of health of any borough is made to depend, is the fact that the borough has a system of sewerage. This condition is founded on a natural and manifest distinction, directly relevant to the subject-matter of the legislation. The necessity for the regulation of house drainage is manifestly greater in a borough which has a system of public sewerage than in a borough which is without such a system. When a borough has provided a public system of sewerage, the natural and probable consequences of the introduction of such a system is that the houses of citizens will be connected with and drained through such system, and the necessity for proper regulation of such house drainage, in the interests of the public health, is manifest. When the territory within the borough is but sparsely populated and there is no system of sewerage, the opportunity for house drainage, in the sense in which that term is used with regard to the built up portions of a town, is lacking, and the necessity for a regulation thereof by the public is certainly less apparent. This basis of classification, therefore, is not only competent, but obviously proper. We are of opinion that this statute is not subject to the prohibition of section 7 of article III. of the constitution.

We now come to consider the regulation on which this case depends. Was it authorized by the statute? The defendant is not charged with having violated any regulation relating to the manner of construction or materials used in the work which he performed. The only charge is that he, " started as a master plumber and did plumb in a building . . . . without first having taken out a plumber's license or having the right to do plumbing," etc. The information, in brief, means that the defendant started to do plumbing in a building in the borough without having registered in accordance with the regulation of

the borough which is set forth at length in the information. The statute did not invest the board of health with the power to examine and pass upon the competency of plumbers ; it merely authorized and directed them " to provide for the registration of journeymen and master plumbers and persons engaged in plumbing business." This conferred upon the board of health no authority to determine the qualifications of plumbers, it directed the boards to provide for the registration of all plumbers, but gave them no power to reject any person who applied for registration. The regulation adopted by the board of health of DuBois borough attempted to go entirely beyond the power thus conferred. It required as a preliminary to registration that the person applying should produce satisfactory proof that he was a bona fide master plumber, and that all persons failing to furnish such satisfactory proof should be obliged to pass an examination before the examining committee of the board of health. Even had the statute conferred authority upon the board of health to examine applicants, this regulation was invalid because it was not uniform. It did not require all applicants to be examined. The regulation provided that " no person other than a registered plumber shall be allowed to carry on, or engage in the plumbing business or make any connections with any sewer drain, soil or waste pipe connection therewith." The regulation provided only for the registration of master plumbers, and then prohibited all persons not registered from doing any work connected with the plumbing. The effect of this would be that, in the borough of DuBois, no man who had always worked as a journeyman plumber could be registered or work at his trade. We are of opinion that this regulation was not authorized by the statute and is invalid, for the reasons that it provided for the registration of master plumbers only and failed to provide for the registry of journeymen, and that by the regulation the board of health assumed authority to pass upon the question of the qualifications of applicants for registration, which power was not conferred by the statute ; and that, even if it were conceded that the board of health had power to examine applicants, this regulation was not uniform.

The order of the court below is affirmed.