[No. 1746.]

THE STATE OF NEVADA, EX REL. WARREN W. WILLIAMS, RELATOR, *v.* THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR CHURCHILL COUNTY, AND JOHN S. ORR AND W. H. A. PIKE, JUDGES OF SAID DISTRICT COURT, RESPONDENTS.

1. CONSTITUTIONAL LAW—DELEGATION OF LEGISLATIVE POWER TO JUDICIARY. Const., art. 3, sec. 1, divides the government of the state into the legislative, executive, and judicial departments, and provides that no powers belonging to one of these departments shall be exercised by either of the others, except in the cases expressly directed or permitted. Article 8, section 1, provides that the legislature shall pass no special act relating to corporate powers, except for municipal purposes. Article 8, section 8, directs that the legislature shall provide for the organization of cities and towns by general laws. The act of March 27, 1907 (Stats. 1907, p. 241, c. 125), relates to the incorporation of cities, section 2 providing for a petition for such incorporation by the majority of the qualified voters, and section 3 (page 242) conferring on the district court authority to determine whether a majority of the qualified electors and taxpayers have made their application sufficiently describing the territory to be embraced in the city or corporate town with a map thereof surveyed, and containing the streets and alleys and the proposed name, and whether it is accompanied with satisfactory proof of the number of inhabitants. *Held,* that such act is not unconstitutional as delegating legislative powers to the judicial department.

APPLICATION for writ of prohibition by State of Nevada, on the relation of Warren W. Williams, against the Second Judicial District Court of the State of Nevada, in and for Churchill County, and John S. Orr, and W. H. A. Pike, Judges of said Court. **Writ denied.**

The facts sufficiently appear in the opinion.

*E. L. Williams,* for Relator.

*William S. Wall,* for Respondents.

By the Court, TALBOT, C. J.:

This is an application for a writ of prohibition to restrain respondents from entering a decree declaring the Town of Fallon duly incorporated, designating its classification, or appointing commissioners for calling an election of officers for the town under "An act providing for the incorporation

of cities, their classification, the establishment and alteration of their boundaries, the government and disincorporation thereof, and repealing all acts and parts of acts in conflict therewith," approved March 27, 1907. (Stats. 1907, p. 241, c. 125.)

It is admitted that compliance has been made with section 2 of the act, which provides: "Whenever a majority of the qualified electors who are taxpayers within the limits of the city or town proposed to be incorporated, as shown by the last official registration lists and assessment roll, not embraced within the limits of any city or incorporated town shall desire to be organized into a city or incorporated town, they may apply in writing to the district court of the proper county, which application shall describe the territory to be embraced in such city or incorporated town, and shall have annexed thereto an accurate map or plat thereof, duly surveyed and containing the streets and alleys, and state the name proposed for such city or incorporated town, and shall be accompanied with satisfactory proof of the number of inhabitants within the territory embraced in said limits, for purposes of classification under the provisions of this act."

It is sought to prevent respondents from proceeding under section 3 of the act, the fore part of which directs: "When such application shall be made as aforesaid the court, being satisfied of its legal sufficiency, shall thereupon enter a decree declaring said city or town duly incorporated under the provisions of this act and shall designate its classification and shall forthwith appoint five commissioners, who shall at once call an election of all the qualified electors residing within the territory embraced within said limits, and shall give notice, for thirty days, of the time and place of holding the first election of officers for said city or town, by publication in a newspaper, or, if none be published within the limits of such city or town, by posting in five public places within the limits of the same. At such election the qualified electors of such city or town residing within the limits of such city or town shall choose officers therefor, to hold until the first annual election of officers according to its grade, as hereafter in this act prescribed."

The facts are admitted, but it is claimed that the act is in contravention of the Constitution, in that it attempts to confer legislative power upon the district court, and that relator would be subjected to increased taxation on his lands within the boundaries of the proposed town, a part of which are platted and a part of which are not. Article 3 of the Constitution provides: "Section 1. The powers of the government of the State of Nevada shall be divided into three separate departments—the legislative, the executive, and the judicial; and no persons charged with the exercise of powers properly belonging to one of these departments shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted." Article 8, section 1: "The legislature shall pass no special act in any manner relating to corporate powers, except for municipal purposes; but corporations may be formed under general laws; and all such laws may, from time to time, be altered or repealed." Section 8 of the same article directs that "the legislature shall provide for the organization of cities and towns by general laws."

Is the part of the act quoted in conflict with the Constitution? Does it attempt to confer legislative powers upon the district court? The conflict in the numerous decisions bearing on these questions in various states is for the most part more apparent than real, owing to the fact that the constitutional and statutory provisions are usually different. We are not aware that legislation similar to our act has been held invalid under any constitution as favorable to its support as ours. It will be observed that under section 1 of article 8 the legislature is authorized to pass special acts relating to municipalities, and it has accordingly by specific bills created a number of cities and towns in this state. To save the time and detail work required by separate acts for every town that might desire incorporation the legislature at its last regular session passed the general law which is here challenged. It contains more than one hundred sections, and provides at length for the government and disincorporation of cities, as well as for their establishment and alteration. Instead of being prohibited by the Consti-

tution, it would seem to be specially authorized by the language of section 8 of article 8, directing that "the legislature shall provide for the organization of cities and towns by general laws." A general law being so authorized and having been enacted, it is essential that some one be designated to ascertain and declare the facts which would bring any community under its provisions as an incorporation, and that necessary provision be made for its execution. The legislature has seen fit to authorize a majority of the qualified electors and taxpayers as shown by the last official registration list and assessment roll to determine whether the town or city shall be incorporated, and, if they make proper application in writing to the district court of the county, the court, being satisfied of its legal sufficiency, shall enter a decree declaring the city or town duly incorporated and designate its classification. If there is compliance with the required conditions, the court has no discretion in regard to refusing or granting the petition or allowing or denying the right of incorporation. It is not authorized to pass any law regarding the incorporating, management, or government of the town, nor as a matter of expediency to determine whether incorporation ought to be allowed or refused. The court is empowered to ascertain whether the acts necessary to constitute incorporation under the law have been complied with, and, if they have, to declare as a result that the city or town is duly incorporated. Although it is often necessary for the legislature and for executive officers to ascertain facts, the authority conferred on the district court to determine whether a majority of the qualified electors and taxpayers have made application sufficiently describing the territory to be embraced in the city or incorporated town and with a map or plat thereof duly surveyed and containing streets and alleys and the proposed name, and whether it is accompanied with satisfactory proof of the number of inhabitants, is a power more judicial than legislative in its nature, and more in line with the usual duties of courts. We are unable to see that the vesting of this power in the district court is unconstitutional or improper. Some of the decisions holding that the power to incorporate towns or cities cannot be delegated by

the legislature related to acts which attempted to confer discretion upon the court or designated officers in the allowance or rejection of the application for incorporation. Still other opinions have failed to distinguish between the delegation of legislative power and the mere determination or declaration of facts which would bring the town under the provisions of the law directly enacted by the legislature. The weight of authority, and especially the later decisions, hold that powers such as are here conferred on the district court are judicial rather than legislative, and are properly delegated.

In a Tennessee case relied upon by relator (*State* v. *Armstrong*, 3 Sneed, 634), decided in 1856, "An act to authorize the formation of companies, and regulate private and local affairs and to retrench the expenses of legislation" (Acts 1855–56, p. 514, c. 254), which conferred upon the circuit courts the power to grant charters and corporations upon the conditions therein prescribed, except for banking purposes, was held unconstitutional as attempting to delegate legislative power which could not be conferred. It was said in the opinion that the act was designed, as manifested from the purposes avowed in the bill, as well as from the express terms of the first section, as an unqualified transfer of the exercise of the power to grant corporate privileges from the legislature to the courts, and probably was intended to exhaust the power of the legislature in respect at least to all such corporations as were within the purview of the act. That case is readily distinguishable from the one now before us and from the later one in that state (*Mayor* v. *Shelton*, 1 Head, 24), in which it was held not to apply to an act similar in principle to ours, and in which it was said: "This statute establishes a general and complete system of municipal government for towns, cities, and villages, and provides * * * the mode by which the inhabitants of any particular town may adopt and organize under it. They shall apply by petition to the county court, setting forth their desire to avail themselves of its privileges, with a description by metes and bounds of the limits of their town, which shall be spread upon the minutes of the court and registered in the register's office. The objec-

tion taken is that the power to grant charters of incorporation is vested alone in the legislature, and cannot be delegated to the courts, or any other authority. * * * But then the question arises: Has it been delegated by this act? We think very clearly not. The doubt upon this subject has, as it seems, grown out of a misconception of the case of *State* v. *Armstrong*. * * * That case was correctly decided beyond all question. It was upon Acts 1855–56, p. 514, c. 254, by which the full and broad power to create corporations was given to the circuit courts, and was therefore held to be in violation of the Constitution. Not so in this act. It gives the county court no power on the subject but to record the petition for the benefit of a perfect and complete charter, and designate the boundaries to which it is to apply; that is, to prescribe the corporate limits of the town. It cannot add to or diminish the powers, privileges, and immunities granted, nor make the least change of any kind in the charter. The legislative will is fully declared in the act, and nothing is left to the court but to locate and apply it to any community who may petition for it, and bring themselves within its provisions."

In a number of cases, including *People* v. *Fleming*, 10 Colo. 553, 16 Pac. 298 (1887), *City of Wahoo* v. *Dickinson*, 23 Neb. 430, 36 N. W. 813 (1888), and *Young* v. *Salt Lake City*, 24 Utah, 321, 67 Pac. 1068 (1902), the courts have considered and declined to follow *People ex rel. Shumway* v. *Bennett*, 29 Mich. 451, 18 Am. Rep. 107 (1874), relied upon by relator.

In *Young* v. *Salt Lake City* the Supreme Court of Utah cited a number of conflicting cases regarding the question involved, and sustained the statute of that state conferring power upon the district court. It was said that it is a judicial act to determine what the facts in a given case are, and whether such facts, when found, entitle the parties to the relief sought, and it was held, as has been done at different times by this court, that, when a reasonable doubt exists as to the constitutionality of a law, it will be upheld.

In *Re Town of Union Mines*, 39 W. Va. 179, 19 S. E. 398 (1894), and in *Elder* v. *Incorporators of Central City*, 40 W. Va. 222, 21 S. E. 738 (1895), it was held that a section

of the code in relation to incorporation of cities, towns, and villages, in so far as it conferred on the circuit court functions in their nature judicial and administrative, although in furtherance of the power of the legislative department of the state government, was constitutional and valid.

In *City of Burlington*, v. *Leebrick*, 43 Iowa, 258 (1860), the court said: "The legislature has passed a general statute declaring that territory to which certain conditions belong may be annexed to an incorporated city. The right to annex it depends upon the existence of the conditions. The legislature might have referred the question of the existence of these conditions to the board of supervisors, or might have created a special tribunal for its determination; but the question, by whomsoever determined, involves the examination and weighing of testimony, and partakes of the nature of a judicial act. It is not the sole province of courts to determine 'what the existing law is in relation to some existing thing already done or happened.' It is as much a judicial act to determine what are the facts of a particular case, and whether they bring the case within the operation of a recognized principle of the existing law."

In *Morton* v. *Woodford*, 99 Ky. 367, 35 S.. W. 1112 (1896), the court stated: "Article 8, c. 89, Ky. St., confers upon circuit courts the power, under certain conditions, to establish towns, and provides that no appeal shall lie from the judgment. We think the power so conferred on the circuit courts is constitutional. * * * The Constitution prohibits local legislation. Hence some department of government must of necessity be invested with power and authority to establish towns, and it seems to us that the circuit courts are proper tribunals to be invested with such power. The act in question is not, in our judgment, at all in conflict with section 28 of the Constitution. The power conferred is not legislative."

In *Kayser* v. *Trustees*, 16 Mo. 91, approved in *State* v. *Weatherby*, 45 Mo. 22, the court stated: "The duties imposed on the county court in relation to this subject are judicial in their nature. They have no discretion. They have no authority to vest any power in the corporation. Their office is,

upon the performance of certain acts by the inhabitants, to declare them incorporated, if satisfied of the verity of the facts set forth, and then the law declares the powers of which the corporation shall be possessed. Such a mode of incorporation is becoming common."

In *Forsythe* v. *City of Hammond*, 68 Fed. 774, it was held that the legislature could confer upon the courts the power to determine whether the conditions exist prescribed by law for the creation, enlargement, or contraction of a municipal body, and that a court cannot declare void an act of the legislature which violates no provisions of the State or Federal Constitution on the ground that it is wrong, unjust or oppressive.

In *People* v. *Fleming, supra,* the court said: "It is now well settled that laws delegating such power, in such a manner as is done under the statute under consideration, are not unconstitutional. (*People* v. *Reynolds,* 5 Gilm. [Ill.] 1; *Clarke* v. *City of Rochester,* 28 N. Y. 605–634; *Bank* v. *Brown,* 26 N. Y. 467–475; *Currier* v. *Railway Co.,* 6 Blatchf. [U. S.] 487, Fed. Cas. No. 3,493; *People* v. *Salomon,* 51 Ill. 37; *Alcorn* v. *Hamer,* 38 Miss. 652; *Bull* v. *Read,* 13 Grat. [Va.] 78–88; *Blanchard* v. *Bissell,* 11 Ohio St. 96–100; *Locke's Appeal,* 72 Pa. 491, 13 Am. Rep. 716; *People* v. *Nally,* 49 Cal. 484; *Dalby* v. *Wolf,* 14 Iowa, 228.) The law upon this question is clearly and forcibly stated in *Blanding* v. *Burr,* 13 Cal. 343–358, as follows: 'Laws may be absolute, dependent upon no contingency, or they may be subject to such conditions as the legislature, in its wisdom, may impose. They may take effect only upon the happening of events which are future and uncertain, and, among others, the voluntary act of the parties upon whom they are designed to operate. They are not the less perfect and complete when passed by the legislature, though future and contingent events may determine whether or not they shall ever take effect. * * * So the legislature may confer a power without desiring to enforce its exercise, and leave the question whether it shall be assumed to be determined by the electors of a particular district. The legislature may determine absolutely what shall be done, or it may authorize the same thing to be done

upon the consent of third parties.  It may command or it may only permit; and in the latter case, as in the former, its acts have the efficacy of law.' * * * In relation to the power of courts of quarter sessions in Pennsylvania, acting through commissioners, to erect new townships, and divide old ones, it is said: 'No one has ever doubted the constitutional right of the legislature to authorize the exercise of both these jurisdictions by the courts, because it has never been imagined that it bore any resemblance to the power of enacting laws.  Indeed, it is so entirely dissimilar that an elaborate attempt to show the contrast would be a mere waste of words.  But, if the legislature can authorize courts to decide questions of this character, they can authorize the people primarily to do so.' (*Com.* v. *Quarter Sessions*, 8 Pa. 391–395, 416.)"

Again, in *Blanchard* v. *Bissell*, 11 Ohio St. 100: "But counsel for defendant in error claim that if the statute is to be so construed, it is unconstitutional, and that no one can be made a member of a corporation without his consent. This may be true of corporations of a private and purely voluntary character, which are unconnected with the civil government of the country; but the principle is not applicable to municipal corporations, which are an important agency of civil government in the preservation of order, the enforcement of laws, and the promotion of the common interests of the whole community within their limits.  * * * The constitutionality of this fourteenth section was affirmed by this court in the case of *Powers* v. *Commissioners of Wood County*, 8 Ohio St. 285, and we are entirely satisfied with that decision.  It has the sanction of many kindred decisions in other states.  (*Cheaney* v. *Hooser*, 9 B. Monroe [Ky.] 330; *Gorham* v. *Springfield*, 21 Me. 59.)"

The act is a general one, and may be made to apply to all unincorporated cities and towns in the state.  It prescribes the conditions under which they may be incorporated, and authorizes the court to determine whether there has been a compliance with the requirements.  In the present case it is conceded that a majority of the electors who were taxpayers made the proper application.  The court is merely acting in

order to give the law effect after having determined judicially the requisites as fixed by the legislature. Upon compliance with and ascertainment and certification of the conditions by the court the incorporation results from provisions of the law as passed by the legislature. To a great extent statutes, including those relating to crimes and other matters, do not become effective until after the happening and ascertainment of facts transpiring after their passage, to which they were intended to apply. In view of section 8 of article 8 of our Constitution and the nature of the power conferred on the district courts by the act, and the reasons apparent for sustaining it, as well as the weight of authority, and the later and better considered decisions upholding similar statutes in states where they are not so well supported by constitutional provisions, we feel satisfied that sections 2 and 3 do not confer legislative power upon the district courts, and that they are not unconstitutional or invalid.

Among the other cases sustaining these conclusions and in harmony with the trend of the decisions are: *Evans* v. *City of Council Bluffs*, 65 Iowa, 238, 21 N. W. 584; *Ford* v. *Town of North Des Moines*, 80 Iowa, 626, 45 N. W. 1031; *McKean* v. *City of Mt. Vernon*, 51 Iowa, 306, 1 N. W. 617; *City of Emporia* v. *Smith*, 42 Kan. 433, 22 Pac. 616; *Huling* v. *City of Topeka*, 44 Kan. 577, 24 Pac. 1110; *Hurla* v. *City of Kansas City*, 46 Kan. 738, 27 Pac. 143; *Lammert* v. *Lidwell*, 62 Mo. 128, 21 Am. Rep. 411; *Grusenmeyer* v. *City of Logansport*, 76 Ind. 549; *Field* v. *Clark*, 143 U. S. 693, 12 Sup. Ct. 495, 36 L. Ed. 294; *State ex rel. Gale* v. *Ueland*, 30 Minn. 29, 14 N. W. 58; *Ferguson* v. *City of Snohomish*, 8 Wash. 668, 36 Pac. 969, 24 L. R. A. 795; *Henrico County* v. *City of Richmond*, 106 Va. 282, 55 S. E. 683.

The writ is denied.