## Commonwealth v. Baldwin et al.

*Statutes — Legislative power — Cannot be delegated — Department of Labor—Criminal law—Constitutional law—Act of June 2, 1913.*

1. The power to make a law cannot be delegated by the legislature to any other body or authority. A statute cannot be made to comprehend the rules and regulations that may be promulgated from time to time by a department of government for the enforcement thereof.

2. A misdemeanor cannot be created by rule of the Industrial Board of the Department of Labor and Industry under the Act of June 2, 1913, P. L. 396.

Rule to quash indictment.   Q. S. Erie Co., Nov. Sess., 1926, No. 40.

*Orson J. Graham*, Assistant District Attorney, for Commonwealth.

*S. Y. Rossiter* and *Marsh & Eaton*, for defendants.

Hirt, J., April 14, 1927.—The indictment in this case charges violations of the Act of June 2, 1913, P. L. 396. This act creates the Department of Labor and Industry, and, within that department, an industrial board of five members with power to make rules and regulations. Section 14 prescribes a standard for the protection of workmen and defines the powers of the industrial board as follows: "Section 14. All rooms, buildings and places in this Commonwealth where labor is employed, or shall hereafter be employed, shall be so constructed, equipped and arranged, operated and conducted, in all respects, as to provide reasonable and adequate protection for the life, health, safety and morals of all persons employed therein. For the carrying into effect of this provision and the provisions of all the laws of this Commonwealth, the enforcement of which is now or shall hereafter be entrusted to or imposed upon the commissioner or Department of Labor and Industry, the industrial board shall have power to make, alter, amend and repeal general rules and regulations necessary for applying such provisions to specific conditions and to prescribe means, methods and practices to carry into effect and enforce such provisions."

The penalty for violation of the provisions of the act is prescribed in section 16 as follows: "Section 16. Every person who violates any of the provisions of this act or any of the rules or regulations of the industrial board, or who resists or interferes with any officer or agent of the Department of Labor and Industry in the performance of his duties in accordance with the said rules and regulations, shall be deemed guilty of a misdemeanor, and shall, upon conviction thereof, be punished by a fine of not more than $100, or by imprisonment not exceeding one month, or both, at the discretion of the court."

The indictment in question contains ten counts. The first count charges that "defendants did unlawfully use lumber in the construction and erection of scaffolds in the erection of a building . . . in the City of Erie, which said lumber was not sound and free from strength-reducing defects, having therein knots of greater size than that consisting with absolute safety, and thereby did violate" Rule No. 164, Section *B*, of the Industrial Board of the Department of Labor.

The remaining counts charge that defendants in the erection of a scaffold violated nine other rules of the industrial board which are quoted in the indictment and which, in substance, require that guard-rails and toe-boards shall be provided on the outer edges and ends of the platforms of all types of scaffolds 10 feet or more above the ground; that the principal members of scaffolds shall be rigidly and securely sway-braced; that poles or uprights

Commonwealth v. Baldwin et al.

shall be at least 3 inches by 4 inches in cross-section; that poles or uprights shall be spaced uniformly and parallel with the wall and not more than 7 feet 6 inches apart; that the splicing of poles when necessary shall be in a manner prescribed by the rule; that ledgers shall be not less than 1¼ inches in thickness and 10 inches in width and that they shall be long enough to extend over two consecutive pole spaces; that putlogs shall be rectangular in cross-section not less than 3 inches by 4 inches and shall be long enough to project over the ledgers 6 inches; that at least one putlog shall be securely fastened diagonally across the corner of a scaffold; that pole scaffolds shall be firmly and adequately braced to prevent swinging from the building.

The indictment does not follow the language of the act and in the first count imposes a higher duty upon an employer than that fixed by the statute. Section 14 requires "reasonable and adequate protection" for the safety of workmen. The first count charges the failure to erect a scaffold of material in kind "consistent with absolute safety." Absolute safety is not demanded by the act. The remaining counts, also, do not charge failure to conform to the standard of safety required by the statute, but, on the contrary, charge violations of rules of the board, and for this reason the indictment is fatally defective.

The acts of the board in attempting to create misdemeanors by rules are an exercise of legislative authority which, by the Constitution, is exclusively vested in the general assembly. The power to make a law, i. e., "a rule of conduct prescribed by the supreme power of the State commanding what is right and prohibiting what is wrong," cannot be delegated to any other body or authority: Locke's Appeal, 72 Pa. 491; Com. v. Quarter Sessions, 8 Pa. 391; Parker v. Com., 6 Pa. 507; Case of Borough of West Philadelphia, 5 W. & S. 281. "The law must be complete in all its terms and provisions when it leaves the legislative branch of the government, and nothing must be submitted to the judgment of the electors or other appointee of the legislature except an option to become or not to become subject to its requirements and penalties:" O'Neil v. Insurance Co., 166 Pa. 72. The legislature cannot inject bodily into the same statute all of the rules and regulations that might be from time to time promulgated by the proper department of the government for the enforcement thereof: Com. v. Dougherty, 39 Pa. Superior Ct. 338. The language of the act contradicts the suggestion that the rules of the board are purely executive or administrative, for the act provides that a violation of a rule shall constitute a misdemeanor, punished by fine or imprisonment.

In this age of wide industrial development and expansion, where labor is employed under an infinite number of varying conditions, the legislature cannot prescribe in detail the form of construction, equipment or appliances necessary for the protection of workmen under all conditions, but it can, and has, prescribed a standard of safety for the protection of labor, and a rule of the industrial board can be effective only when the violation of the rule constitutes a failure of the employer to conform with the standards prescribed by the act. The gravamen of the offense, however, is the failure to conform with the statute and not the violation of the rule, and the offense should be so charged.

The authorities cited on behalf of the Commonwealth (Com. v. Frederick & Lambrecht, 18 Phila. 505; Com. v. Shafer, 32 Pa. Superior Ct. 497; Jermyn v. Scranton, 186 Pa. 595, and there are many others to the same effect) refer to delegation of legislative power to municipal corporations to which a contrary principle applies. "Cities and boroughs are State agents instituted for

the purpose of local government, and it is competent for the legislature to delegate to the municipal authorities the power to make such rules and regulations as may be necessary to secure within the municipal limits the purpose of their organization:" Com. v. Shafer, *supra.* A reason for this exception is stated in Parker v. Com., 6 Pa. 507 (521).

And now, to wit, April 14, 1927, the rule granted Nov. 22, 1926, on motion to · quash, is made absolute.

From Otto Herbst, Erie, Pa.